UNITED STATES DISTRICT COURT
for the
Southern District of Texas
Houston Division

| | |
|---|---|
| Mary Young     *Plaintiff*     v.     Texas Southern University     *Defendant* | Civil Action No. 4:23-CV-03888 |

## NON PARTY RESPONDENT DARREN BARNETT'S AFFIDAVIT IN SUPPORT OF MOTION TO QUASH

BEFORE ME, the undersigned authority, personally came and appeared the undersigned, who being first duly sworn, deposed, and said:

1. I am the Respondent to a *Subpoena Duces Tecum* served upon me on or about January 29, 2025.

2. I am employed as a sergeant by the Texas Southern University Police Department.

3. In the course of my employment, I was assigned to the personal security detail of the former University President, Lesia Crumpton-Young.

4. Although I am not a party to the case, the allegations in the complaint allege that I engaged in a romantic or otherwise non-professional relationship with the defendant Lesia Crumpton-Young.

5. Despite my denials of a romantic relationship, I have been requested to provide documents about my personal affairs and communications in an effort to substantiate the allegations against the Defendant and myself.

6. The documents requested are vague and expansive. It would require numerous hours of my day to scour the requested sources of information, including but not limited to "all" social media platforms and emails, over six years to find responsive documents.

7. To find the requested documents would require me to take time off of work.

8. Many of the requests are impossible for me to find, including "deleted" emails.

9. An examination of my personal finances is intrusive and could cause me potential embarrassment which is unnecessary to the underlying litigation, for which I am not a party.

10. I ask this Court to quash or modify the subpoena issued against me.

Further Sayeth Affiant Naught.

Dated: February 14, 2025

_____
[Signature: Maria White 2/14/25]

MARIA A. WHITE
My Notary ID # 124992197
Expires July 19, 2028

_____
**Darren Barnett, Nonparty Respondent**

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

Houston Division

| | |
|---|---|
| Mary Young ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | Civil Action No. 3:21-md-3004-NJR |
| ) | |
| Texas Southern University ) | |
| ) | |
| *Defendant* ) | |
| ) | |

## NON-PARTY SERGEANT DARREN BARNETT'S MOTION TO QUASH SUBPOENA DUCES TECUM AND FOR PROTECTIVE ORDER

Non-party Sgt. Darren Barnett (Respondent), pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), submits the following motion to quash the *Subpoena Duces Tecum* (Subpoena) served on January 29, 2025.

### I. SOVEREIGN IMMUNITY

Respondent is a law enforcement officer of Texas Southern University, an agency of the State of Texas. It is axiomatic that the Eleventh Amendment "bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly *873 and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir.2002).

The protection of the Eleventh Amendment "extends to any state agency or entity deemed an alter ego or arm of the state." *Stroebel v. Rainwater*, 742 F. Supp. 2d 870, 872–73 (E.D. La.

2010). Respondent is an employee of the state agency and any actions against the employee requiring use of the state resources, treasury is barred. (*See Stroebel*, 742 F. Supp. 2d at 873 citing *Hawaii v. Gordon,* 373 U.S. 57, 58, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963) "The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter.").

The Eleventh Amendment was written "to prevent the indignity of subjecting a state to the coercive process of juridical tribunals at the instance of private parties." *Russell v. Jones*, 49 F.4th 507, 513 (5th Cir. 2022) (quoting *Ex parte Ayers*, 123 U.S. 443, 505 (1887)). When sovereign immunity applies, it applies not just to direct suits, but to the entire "coercive process of judicial tribunals at the instance of private parties." *Id.* "Subpoenas deuces tecum are a coercive judicial process [because] they [are] issu[ed] under the court's authority and are enforced by court order." *Id.* at 515. Causing a state agency that is not a party to the case to comply with a subpoena deuces tecum "violates the 'inviolable sovereignty' retained by the states in the Constitution's wake." *Id.* (citing *Alden v. Maine*, 527 U.S. 706, 715 (1999) (quoting The Federalist No. 39, at 245 (James Madison))).

The Court lacks subject matter jurisdiction to cause the Subpoena deuces tecum to be issued and compel compliance because Respondent has sovereign immunity and there has been no abrogation of that immunity for this suit.

## II.  THE SUBPOENA IS OVERBROAD, VAGUE, AND BURDENSOME

Courts have found that a subpoena for documents from a non-party is facially overbroad where the subpoena's document requests "seek all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date"; [t]he requests are not particularized..." *Andra Group, LP v. JDA Software Group, Inc.*, 312

F.R.D. 444, 450 (N.D. Tex. 2015). Further, the current applicable standard for discovery is "...relevant to any party's claim or defense and proportional to the needs of the case." *Id.* at 619, Fed. R. Civ. P. 26(b). Requests seeking an unlimited scope of documents that may lead to other discovery is overly broad. *Id.*

As written, the requests seek "all" communications, emails, documents, and financial documents from the Respondent including his personal emails and financial documents from 2019 to present. This request does not identify documents by particular date, expense, subject area. The request seeks an unlimited scope of potentially responsive documents without relevance to the subject matter of the underlying litigation.

Moreover, the Subpoena is vague because the terms do not identify with specificity the documents sought such that the non-party will have to use its judgment to identify what documents would be responsive to the request. Plaintiff failed to include instruction or definitions in the Subpoena requests. The Subpoena seeks documents and communications about the Respondent's "relationship" with the Defendant. The term "relationship" is broad and vague enough to encompass interactions which fall outside of the scope of the underlying litigation; which alleges a romantic undertaking between Defendant Young and the Respondent.

The Subpoena, as drafted, is a burden in that the time, expense and effort required of the Respondent exceeds the expectations of a nonparty. "the court may also consider the expense and inconvenience to the non-party." *Crescent City Remodeling, LLC v. CMR Constr. & Roofing, LLC*, 643 F. Supp. 3d 613, 617 (E.D. La. 2022). As attested in the attached affidavit, the Respondent would likely expend several hours from his workday and personal time to attempt to respond to the Subpoena requests which are tantamount to finding a needle in a haystack. Because

the Respondent is not a subject of the underlying litigation, a blanket and unrestrained inquiry into his personal finances constitutes a burden and inconvenience upon him.

### III. Conclusion and Prayer

Wherefore, the Subpoena as written presents is overly broad and vague on its face. The requests are not particularized in a manner sufficient for Respondent to comply. Furthermore, the Respondent, as an employee of the State agency, is immune from the coercive third party discovery process. Respondent prays this Court to quash the Subpoena Duces Tecum in its entirety, or in the alternative, modify it in a manner consistent with its ruling.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

/s/ *Sherlyn Harper*
Sherlyn Harper
State Bar No. 24093716
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4203
Sherlyn.Harper@oag.texas.gov

ATTORNEYS FOR NON-PARTY RESPONDENT
SGT. DARREN BARNETT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing document has been served via email to the following parties on February 14, 2025:

Benjamin L. Hall, III
530 Lovett Blvd.
Houston, TX. 77006
(713) 942-9600
bhall@bhalllawfirm.com
ATTORNEY FOR PLAINTIFF

Joseph Keeney
Office of the Texas Attorney General

/s/ *Sherlyn Harper*
Sherlyn Harper
ASSISTANT ATTORNEY GENERAL