# EXHIBIT E

**CAUSE NO. 2022-77744**

| | | |
|---|---|---|
| MARY YOUNG, Petitioner | § § § | IN THE DISTRICT COURT OF |
| v. | § § | |
| | § | HARRIS COUNTY, TEXAS |
| TEXAS SOUTHERN UNIVERSITY, AND RESPONSIBLE TSU AGENTS Respondents | § § § § | 127th JUDICIAL DISTRICT |

### AFFIDAVIT

BEFORE ME, the undersigned authority, Darlene Brown, who being by me duly sworn, deposed as follows:

1. I am over the age of 18 and I am a resident of the State of Texas. I have personal knowledge of the facts stated herein, because I serve as the Acting Chief Audit Executive for Texas Southern University (TSU). I am familiar with the manner in which investigations and complaints are created and maintained by virtue of my duties and responsibilities. The facts stated in this Affidavit are true and correct.

2. Attached are two (2) pages of records that reflect a complaint that was received via TSU's EthicsPoint Hotline on March 24, 2022.

3. A copy of these records were provided via hand-delivery by me to Chief Mary Young during our in-person meeting on August 25, 2022.

Under the penalty of perjury, I hereby declare and affirm that the above state facts are true and correct.

DATED this __30__ day of __November__, 20__22__

*Darlene Brown*
Signature

**Darlene Brown**
Printed Name

SUBSCRIBED AND SWORN TO BEFORE ME on the __30TH__ of __November__, 20__22__, to certify which witness my hand and official seal.

*[signature]*
NOTARY PUBLIC, STATE OF TEXAS

*Deborah Curry*
Printed name of Notary

DEBORAH CURRY
Notary Public, State of Texas
Comm. Expires 04-13-2026
Notary ID 125657234

My Commission Expires: __04-13-2026__

1

The following matter was received via the EthicsPoint Hotline on 3/24/2022.

**Assigned to**
None entered

**Synopsis Notes**
None entered

**Case Details**
Since January 2022, while at a weekly supervisor meeting, Mary gave all the officers (names withheld) in the police department a directive that she would raise the pay for special officers (names withheld). Mary categorized the special officers as the lead officers (names unknown) and (first name unknown) McCefee, telecommunications officer, for security and telecommunications. Those officers were (first name unknown) Ward, security officer, McCefee, (first name unknown) Sawyer, police officer, (first name unknown) Holiday, security officer, (first name unknown) Jones, police officer, Tyrone Jones, police officer, and (first name unknown) Cantu, police officer.

Mary approved field training pay for the lead officers and McCefee so that the lead officers and McCefee would have higher pay that included the sum equivalent of two overtime hours per day, up to five days a week. The persons who were authorized by Mary to sign-off on the timesheets were (first name unknown) Bridges, lieutenant, (first name unknown) Jones, sergeant, (first name unknown) Barnett, sergeant, (first name unknown) Stark, lieutenant, (first name unknown) McCray, sergeant, (first name unknown) Brown, sergeant, and (first name unknown) John-Miller, police officer. Bridges, Jones, Barnett, Stark, McCray, Brown, and John-Miller signed the time sheets because they were told by Mary that Ward, McCefee, Sawyer, Holiday, Jones, Tyrone, and Cantu were entitled to those funds for the work that they did.

The president (name unknown) and the board of regents did not authorize these pay increases. This act appears to be illegal and unethical. The supervisors (names unknown) were operating according to Mary's directive, believing that Mary had the authority to do this. The supervisors that were present at the weekly supervisors' meeting were witnesses to this directive. There were no cameras that captured this incident. This matter may have been reported to management.

**Case Summary**
None entered

The following matter was received via the EthicsPoint Hotline on 3/24/2022.

**Assigned to**
None entered

**Synopsis Notes**
None entered

**Case Details**
Since January 2022, while at a weekly supervisor meeting, Mary gave all the officers (names withheld) in the police department a directive that she would raise the pay for special officers (names withheld). Mary categorized the special officers as the lead officers (names unknown) and (first name unknown) McCefee, telecommunications officer, for security and telecommunications. Those officers were (first name unknown) Ward, security officer, McCefee, (first name unknown) Sawyer, police officer, (first name unknown) Holiday, security officer, (first name unknown) Jones, police officer, Tyrone Jones, police officer, and (first name unknown) Cantu, police officer.

Mary approved field training pay for the lead officers and McCefee so that the lead officers and McCefee would have higher pay that included the sum equivalent of two overtime hours per day, up to five days a week. The persons who were authorized by Mary to sign-off on the timesheets were (first name unknown) Bridges, lieutenant, (first name unknown) Jones, sergeant, (first name unknown) Barnett, sergeant, (first name unknown) Stark, lieutenant, (first name unknown) McCray, sergeant, (first name unknown) Brown, sergeant, and (first name unknown) John-Miller, police officer. Bridges, Jones, Barnett, Stark, McCray, Brown, and John-Miller signed the time sheets because they were told by Mary that Ward, McCefee, Sawyer, Holiday, Jones, Tyrone, and Cantu were entitled to those funds for the work that they did.

The president (name unknown) and the board of regents did not authorize these pay increases. This act appears to be illegal and unethical. The supervisors (names unknown) were operating according to Mary's directive, believing that Mary had the authority to do this. The supervisors that were present at the weekly supervisors' meeting were witnesses to this directive. There were no cameras that captured this incident. This matter may have been reported to management.

**Case Summary**
None entered

Received: May 25, 2028 via email

*Darlene Brown* (signature)

Darlene Brown
*Acting Chief Audit Executive*