11/30/2022 10:49:47 AM
Marilyn Burgess District Clerk
Harris County
Envelope No: 70557209
By: CHAMBERS, WANDA R
Filed: 11/30/2022 10:49:47 AM

# EXHIBIT H

## 2022-77744 / Court: 127

CAUSE NO. _____

| | | |
|---|---|---|
| **MARY YOUNG** | § § § | IN THE DISTRICT COURT OF |
| *Petitioner,* | | |
| | § | |
| | § | |
| v | § | HARRIS COUNTY, TEXAS |
| **TEXAS SOUTHERN UNIVERSITY,** | § § | |
| **AND RESPONSIBLE TSU AGENTS** | § | |
| *Respondent.* | § | _____ JUDICIAL DISTRICT |

## TEMPORARY RESTRAINING ORDER

On this day, the Court considered Petitioner's Verified Original Petition, Request for Mandamus Relief, Declaratory Judgment Relief, Application for Temporary Restraining Order and For Temporary/Permanent Injunctions.

Based upon facts set forth in the application the Court enters the following orders:

The Court **GRANTS** Petitioner's Application for TRO.

The court finds that in order to maintain and preserve the status quo, and to prevent further immediate and irreparable harm to Petitioner, Petitioner is entitled to a temporary restraining order because they have suffered and continue to suffer injury.

a. **This injury is imminent**. Despite repeated requests by Petitioner to have Respondent comply with Texas law, Respondent is threatening to terminate or discipline or engage in an unlawful employment action against Petitioner in clear violation of Texas law. Petitioner has been told that she is subject to immediate disciplinary action based on the invalid complaint and such action would violate all of the legal requirements mandated by Texas law. Thus, the immediate

1

loss or taking of Petitioner's property rights and denial of her procedural due process rights mandated by Texas law are not only imminent but a very present danger. An immediate temporary restraining order/mandamus is required to maintain the *status quo ante* until Petitioner can put on evidence at a temporary injunction hearing to enjoin Respondent's unlawful conduct.

b. **The injury is irreparable.** A denial of Petitioner's guaranteed statutory rights under Texas law is irreparable. This court cannot restore them after they are lost and damages will not replace those rights. Abridgement of Petitioner's statutory rights is an irreparable injury that money damages cannot redress. When a Texas statute delineates the actions a governmental body or official must perform nothing is left to the exercise of discretion.

The purpose of an injunction is to maintain and preserve the status quo. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)(emphasis added); *see also GL Logistics Co. v. Flores*, No. 04-21-00125-CV, 9 (Tex. App. Aug. 31, 2021). Given the Respondent's previous failure to ameliorate this situation, there is no doubt that this Court must intervene and order and enjoin the Respondents, and any other individuals, from further conduct in violation of Petitioner's statutory rights. Petitioner is entitled to a temporary restraining order and probable injunctive relief.

It is thereby **ORDERED, ADJUDGED, AND DECREED** that **TEXAS SOUTHERN UNIVERSITY, AND RESPONSIBLE TSU AGENTS** ("Respondents") as well as all of its officers, agents, servants, employees, attorneys, and any other persons acting in concert or participation with them, are enjoined and restrained from:

   a. threatening to, attempting to, purporting to, or taking any adverse employment or disciplinary action against Petitioner until the court can conduct a hearing on Petitioner's request for a temporary injunction and/or permanent injunction in this case;

  b. utilizing the unsigned, untimely, and anonymous complaint against Petitioner for any adverse employment or disciplinary action; and

  c. taking any further actions, or failing to take necessary actions, that would damage, impair, frustrate, put at risk, jeopardize, and/or delay in any way the completion of the items addressed in sections (a) and (b) above.

  It is further **ORDERED, ADJUDGED AND DECREED** that the Petitioner execute and file with the Clerk a bond in the amount of $ __100.00__ .

  The Clerk of the above and entitled court shall forthwith, on the filing by Petitioner of the bond hereinafter required, and on approving same according to law, issue a writ of injunction in conformity with the law and the terms of this order.

  This order shall expire on __December 14__, 2022.

  This matter is set for a temporary injunction hearing in the __127th__ Judicial District Court of Harris County, Texas at __11:00__ a.m./p.m. on the __13__ day of __December__, 2022.

  **SO ORDERED.**

**SIGNED** on this the _____ day of November 2022, at _____ o'clock __.M.

                *Brittanye Morris*
                _____
                **Ancillary Judge Presiding**