1/18/2024 4:20 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 83555827
By: CAROL WILLIAMS
Filed: 1/18/2024 4:20 PM

# EXHIBIT I

## CAUSE NO. 2022-77744

| | | |
|---|---|---|
| MARY YOUNG, | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEXAS SOUTHERN UNIVERSITY, | § | |
| LESIA CRUMPTON-YOUNG, and | § | |
| HAO LE, | § | |
| *Defendants*. | § | 127TH JUDICIAL DISTRICT |

---

**SUBJECT TO ITS PENDING AMENDED PLEA TO THE JURISDICTION, DEFENDANT TEXAS SOUTHERN UNIVERSITY'S AMENDED RESPONSE IN OPPOSITION TO PLAINTIFF'S VERIFIED MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS AND TO RESTORE PLAINTIFF TO STATUS QUO ANTE WHEN COURT ORDERS WERE VIOLATED BY DEFENDANTS**

---

Subjects to its pending Amended Plea to the Jurisdiction, and without waiver of same, Defendant Texas Southern University ("TSU" or "Defendant") files this Amended Response in Opposition to Plaintiff's Verified Motion to Compel Compliance with Court Orders and to Restore Plaintiff to Status Quo Ante when Court Orders were Violated by Defendants ("Plaintiff's Motion"). Defendant respectfully shows the following in opposition to Plaintiff's Motion:

### I.  PROCEDURAL BACKGROUND

On November 30, 2022, one day before a scheduled meeting between Plaintiff Mary Young's counsel and TSU (concerning Plaintiff's employment as TSU's Chief of Police in light of her commission of an overtime and payroll abuse scheme that cost TSU thousands of dollars in officer hours not actually worked), Plaintiff filed this lawsuit against TSU and its former President and General Counsel in an attempt to delay her impending termination. Prior to receiving notice of an invalid December 1, 2022 temporary restraining order enjoining TSU from taking adverse

employment or disciplinary action against Plaintiff (and setting an injunction hearing for December 13, 2022), TSU placed Plaintiff on administrative leave with pay. The next day, Plaintiff sought and obtained an expedited discovery order to prepare for the December 13, 2022 hearing, which did not occur.

On December 5, 2022, TSU filed a plea to the jurisdiction based on its sovereign immunity and sought reconsideration of (and a protective order to stay) discovery pending a determination on the plea. The next day, TSU requested this Court to hear its plea to the jurisdiction and its motion for reconsideration of (and for protective order to stay) discovery at an emergency hearing set for December 8, 2022.

On December 7, 2022, one week after Plaintiff was placed on administrative leave with pay, the ancillary court granted a temporary restraining order (the "TRO") in favor of Plaintiff enjoining TSU from taking adverse employment or disciplinary action against Plaintiff and declaring the December 1, 2022 temporary restraining order void and of no effect.[1] Exhibit 1. The TRO provided it would expire on December 21, 2022. *Id*.

After the December 8, 2022 hearing, Defendant appealed what it believed was a constructive denial of its December 7, 2022 amended plea to the jurisdiction. Exhibit 2. The appellate court dismissed the appeal on February 23 and again on April 11. On October 13, the Supreme Court of Texas denied the appeal and, in a concurrence, held that targeted discovery was

---

[1] The December 1, 2020 temporary restraining order was invalidated because it was entered by a judge other than the ancillary judge in violation of Rules of the Civil Trial Division Harris County District Courts. *See* Rule 3.5.3 ("No judge other than the Ancillary Judge may grant ancillary relief without a written order from the Ancillary Judge or Administrative Judge of the Civil Trial Division."). Plaintiff does not dispute the invalidity of the December 1, 2020 temporary restraining order.

warranted for this Court to determine whether it has subject-matter jurisdiction over Plaintiff's claims. Exhibit 3. The mandate returning this case was issued on December 20.

## II. DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUESTED RELIEF

### a. The TRO expired according to its own terms before Plaintiff's termination.

While Plaintiff had a temporary restraining order in place, Defendant filed an interlocutory appeal under Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code asserting that this Court had constructively denied Defendant's amended plea to the jurisdiction by declining to rule on the merits of that plea. Ex. 2. It is axiomatic that "the stay set forth in section 51.014 is statutory and allows no room for discretion." *In re University of the Incarnate Word*, 469 S.W.3d 255, 259 (Tex.App.—San Antonio 2015, orig. proceeding) (citation omitted). Further, an interlocutory appeal based on denial of a plea to the jurisdiction "stays all other proceedings in the trial court pending resolution of that appeal." TEX. R. CIV. P. § 51.014(b).

Accordingly, per Section 51.014 of the Texas Civil Practice and Remedies Code, this Court was estopped from issuing further relief to Plaintiff or from modifying any orders during the pendency of Defendant's appeal. At the same time, the TRO, which was in place prior to Defendant's appeal, expired according to its own terms on December 21, 2022. Ex. 1. Plaintiff cites *no authority* to support the proposition that the TRO did not expire on December 21. To preserve the terms of the TRO during the pendency of the appeal, Plaintiff was required to petition and obtain from the First Court of Appeals a writ of injunction, but Plaintiff failed to do so. *See In re Texas Ass'n of Sports Officials*, No. 03-10-00029-CV, 2010 WL 392342 *1–2 (Tex.App.—Austin February 5, 2010, original proceeding) (mem. op.).

In *In re Texas Ass'n of Sports Officials*, the defendant filed an interlocutory appeal based on the court's denial of its plea to the jurisdiction while the plaintiff had a temporary restraining

74504150;1

order in place. *See id*. Because the trial court did not have the authority to extend the temporary restraining order since *it would expire under its own terms before the appeal was resolved*, the plaintiff filed a petition for a writ of injunction to the appellate court to preserve the terms of the trial court's temporary restraining order during the pendency of the defendant's appeal. The appellate court granted the petition for writ of injunction, thus preserving the terms of the temporary restraining order that the trial court signed prior to the defendant's appeal. *See id*.

Here, Plaintiff did not file a petition for a writ of injunction with the First Court of Appeals to prevent the expiration of the TRO. Instead, Plaintiff, in passing, requested "temporary relief" from the First Court of Appeals in her *Emergency Motion to Dismiss Appeal for Lack of Jurisdiction Or, Alternatively, for Temporary Relief*, which was denied. Consequently, the TRO expired according to its own terms on December 21, 2022. Because the TRO was expired at the time of Plaintiff's termination on January 9, 2023, Defendant did not violate it or any other order. Exhibit 4.

### b. Plaintiff wrongly claims Defendant voluntarily stipulated to extend the TRO during the appeal in an amended and superseded filing.

Attempting to argue around the lack of a requisite writ of injunction, Plaintiff alleges that Defendant represented to the First Court of Appeals that the TRO would remain in place during the pendency of the appeal, relying on Defendant's *Response in Opposition to Appellee Mary Young's Emergency Motion to Dismiss Appeal for Lack of Jurisdiction or, Alternatively, for Temporary Relief*. *See* Pl.'s Mot. at ¶ 2. That response was filed on December 13, 2022, at 4:20 PM. Exhibit 5. What Plaintiff omits is that this pleading was amended without delay when, the next day at 11:03 AM, Defendants filed their *Amended Opposition to Young's Emergency Motion to Dismiss* ("Amended Pleading"). Exhibit 6. The Amended Pleading included no representation that the TRO would remain in place during the pendency of the appeal, and Plaintiff is estopped

from purportedly relying on the original and supplanted filing. "When an amended pleading is filed, the amended pleading supersedes and supplants the prior pleading, which may no longer be considered." *Town Park Center, LLC v. City of Sealy*, 639 S.W.3d 170, 198 (Tex.App.—Houston [1st Dist.] 2021, no pet.) (citing TEX. R. CIV. P. 65).

Rather than obtaining the necessary relief from the First Court of Appeals, Plaintiff made the decision to engage in gamesmanship and wait until December 21 — the day the TRO expired according to its terms and a week after the Amended Pleading was filed — to declare by fiat in her *Notice of TSU's Judicial Admission on Appeal Regarding Petitioner's Temporary Restraining Order* that Defendant "made a binding judicial admission" that the TRO would remain "in force pending resolution of this appeal," making no mention of the Amended Pleading. Exhibit 7. Plaintiff now goes so far as to represent that "Defendants mislead the Court of Appeals" and Defendants "were successful on this argument and Plaintiff's motion to dismiss and for protective order was denied," when, in fact, the First Court of Appeals denied Plaintiff's motion two days after the Amended Pleading was filed. *See* Pl.'s Mot. at ¶ 3; Exhibit 8.

Far from the picture Plaintiff attempts to paint, Plaintiff was not sandbagged into sitting on her rights and responsibilities to obtain relief from the First Court of Appeals to extend the TRO. Nor was the First of Court of Appeals misled by an amended pleading filed less than twenty-four hours after the original pleading and two days before the Court denied Plaintiff's *Emergency Motion to Dismiss Appeal for Lack of Jurisdiction or, Alternatively, for Temporary Relief*.

### c. Defendant did not violate any order.

As explained above, Defendant did not violate the TRO when it terminated Plaintiff on January 9, 2023,[2] more than two weeks after the TRO expired. Moreover, although Plaintiff's Motion asks this Court to retore her "to the *status quo ante* at the time that Judge Gomez's temporary restraining order was signed—i.e., December 7, 2022" (Pl.'s Mot. at ¶ 6), she complains of actions taken by TSU *prior to* December 7, 2022, including "locking Plaintiff out of her office, disconnecting Plaintiff's business computers, locking Plaintiff out of her work building, preventing Plaintiff from performing any of her work duties, [and] refusing to allow Plaintiff to be on the college campus . . . ." Pl.'s Mot. at ¶ 9. However, most if not all of these actions were taken by TSU on December 1, 2022, as conditions of Plaintiff's administrative leave with pay.

On December 1, 2022, before TSU received notification of the subsequently declared invalid temporary restraining order, TSU notified Plaintiff, through her counsel, that, effective immediately, Plaintiff was temporarily relieved of her duties as Chief of Police with pay until further notice. *See* Exhibit 9.  Plaintiff was also notified that, as part of administrative leave with pay, she was prohibited from "being on campus grounds, attending University-sanctioned events, and utilizing any University-owned items (e.g., vehicle, uniform, keys, computer, mobile telephone, etc.) until such a time as she was otherwise notified." *See id.*

Although TSU did not have the requisite notification of the invalid temporary restraining order when it placed Plaintiff on administrative leave with pay with the attendant conditions, Defendant did not violate the order's enjoinment of TSU from taking adverse employment or disciplinary action against Plaintiff. *See Esparza v. Univ. of Tex. at El Paso*, 471 S.W.3d 903, 909 (Tex.App.—El Paso 2015, no pet.) (citing authority that suspensions with pay are not adverse

---

[2] Plaintiff's counsel has admitted on the record that Plaintiff's TRO-related arguments are "fragile," and that Plaintiff's counsel does not need to rely on them in this case.

74504150;1

employment actions under state and federal laws); *Breaux v. City of Garland*, 205 F.3d 150, 158 (5th Cir. 2000) (holding a police officer suffered no adverse employment action when he was temporarily placed on administrative leave). Similarly, Defendant's directives and orders that Plaintiff remain off campus and refrain from utilizing university property during her administrative leave with pay also do not constitute adverse employment or disciplinary action. *See Jones v. Tex. Dep't of Public Safety*, 2022 WL 318585 (Tex.App.—Austin Feb. 3, 2022, no pet.) (holding that DPS's directives to officer to not come to the office or interact with employees in the office, turn in weapons, and to not take any actions as peace officer did not constitute an "adverse employment decision against her.").

Plaintiff willfully and flagrantly violated the terms of her paid administrative leave, resulting, in part, in her termination. Plaintiff refused to stay off-campus, instead engaging in a coordinated spectacle with her counsel in this matter that caused significant confusion and disruption to the TSU police force. Plaintiff, having replaced the locks on her office in order to gain unauthorized access, repeatedly instructed TSU officers to disregard the acting police chief's directives. Plaintiff and her counsel, Mr. Ben Hall, approached numerous on-duty officers, asking them personal questions and handing them "court documents" with instructions to distribute. According to one officer, Mr. Hall ended their unwelcome interaction with "anybody who f--- with Mary, f--- with me."

In summary, at the time of both the invalid December 1 and December 7, 2022 temporary restraining orders, the *status quo* of Plaintiff's employment with TSU was administrative leave with pay, including attendant conditions prohibiting her access to TSU's property. In adherence of the December 7, 2022 temporary restraining order, Defendant took no "adverse employment or disciplinary action" against Plaintiff until it terminated her on January 9, 2023, more than two

weeks after the TRO expired in accordance with its terms. Because Defendant did not violate any order, there is no enforcement to be compelled or *status quo ante* to be restored by the Court on account of same. Respectfully, the Motion should be denied.

## IV.     CONCLUSION & PRAYER

For the foregoing reasons, Defendant Texas Southern University respectfully requests that this Court deny the relief Plaintiff Mary Young seeks in her *Verified Motion to Compel Compliance with Court Orders and to Restore Plaintiff to Status Quo Ante when Court Orders were Violated by Defendants*, except for the targeted discovery and depositions that this Court ordered on January 11, 2024, to which Defendant reserves all rights and preserves all objections due to the pending Amended Plea to the Jurisdiction.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

*/s/ Eric Grogan*
ERIC GROGAN
Texas Bar No. 24116461
Assistant Attorney General
General Litigation Division

P.O. Box 12548 (MC-019)
Austin, Texas 78711-2548
Tel: (512) 463-2120 | FAX: (512) 320-0667
eric.grogan@oag.texas.gov

*ATTORNEYS FOR DEFENDANT TSU*


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 18, 2024 a true and correct copy of the foregoing document was served via electronic notification to all counsel of record through File&ServeTexas.

*/s/ Eric Grogan*
ERIC GROGAN
Assistant Attorney General

74504150;1

**FILED**
Marilyn Burgess
District Clerk

DEC 7 2022

Time:_____
Harris County, Texas
By_____
Deputy

*P-3*

*TRORX*
*STBNX*
*CASO*

CAUSE NO. 2022-77744

MARY YOUNG

  *Petitioner,*

v

TEXAS SOUTHERN UNIVERSITY,
RESPONSIBLE TSU AGENTS,
PRESIDENT LESIA CRUMPTON-
YOUNG, GENERAL COUNSEL HAO
LE, AND/OR THEIR DESIGNEES

  *Respondent.*

§
§
§
§
§
§
§
§
§
§
§
§
§

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

127ᵗʰ JUDICIAL DISTRICT

## TEMPORARY RESTRAINING ORDER

On this day, the Court considered Petitioner's Mary Young's Verified First Amended
Petition, Request for Mandamus Relief, Declaratory Judgment Relief, Application for Temporary
Restraining Order and For Temporary/Permanent Injunctions.

Based upon facts set forth in the application the Court enters the following orders:

The Court **GRANTS** Petitioner's Application for TRO.

The court finds that in order to maintain and preserve the status quo, and to prevent further
immediate and irreparable harm to Petitioner, Petitioner is entitled to a temporary restraining order
because they have suffered and continue to suffer injury.

a. **This injury is imminent**. Despite repeated requests by Petitioner to have Respondents
TSU President Crumpton-Young and General Counsel Hao Le to comply with Texas law,
Respondents are threatening to terminate or discipline or engage in an unlawful employment action
against Petitioner in clear violation of Texas law.  Petitioner has been told that she is subject to
immediate disciplinary action based on the invalid complaint and such action would violate all of

1

EXHIBIT
**1**

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

the legal requirements mandated by Texas law. Thus, the immediate loss or taking of Petitioner's property rights and denial of her procedural due process rights mandated by Texas law are not only imminent but a very present danger. An immediate temporary restraining order/mandamus is required to maintain the *status quo ante* until Petitioner can put on evidence at a temporary injunction hearing to enjoin Respondent's unlawful conduct.

b. **The injury is irreparable.** A denial of Petitioner's guaranteed statutory rights under Texas law is irreparable. This court cannot restore them after they are lost and damages will not replace those rights. Abridgement of Petitioner's statutory rights is an irreparable injury that money damages cannot redress. When a Texas statute delineates the actions a governmental body or official must perform nothing is left to the exercise of discretion.

The purpose of an injunction is to maintain and preserve the status quo. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)(emphasis added); *see also GL Logistics Co. v. Flores*, No. 04-21-00125-CV, 9 (Tex. App. Aug. 31, 2021). Given the Respondents' previous failure to ameliorate this situation, there is no doubt that this Court must intervene and order and enjoin the Respondents, and any other individuals, from further conduct in violation of Petitioner's statutory rights. Petitioner is entitled to a temporary restraining order and probable injunctive relief.

It is therefor **ORDERED, ADJUDGED, AND DECREED** that **TEXAS SOUTHERN UNIVERSITY, RESPONSIBLE TSU AGENT, PRESIDENT LESIA CRUMPTON-YOUNG, GENERAL COUNSEL HAO LE, AND THEIR DESIGNEES** ("Respondents") as well as all any TSU officers, agents, servants, employees, attorneys, and any other persons acting in concert or participation with them, are enjoined and restrained from:

2

a. threatening to, attempting to, purporting to, or taking any adverse employment or disciplinary action against Petitioner until the court can conduct a hearing on Petitioner's request for a temporary injunction and/or permanent injunction in this case;

b. utilizing the unsigned, untimely, and anonymous complaint against Petitioner for any adverse employment or disciplinary action; and

c. taking any further actions, or failing to take necessary actions, that would damage, impair, frustrate, put at risk, jeopardize, and/or delay in any way the completion of the items addressed in sections (a) and (b) above.

It is further **ORDERED, ADJUDGED AND DECREED** that the Petitioner execute and file with the Clerk a bond in the amount of $ 100.00 . Any amount previously posted shall suffice to satisfy the same.

The Clerk of the above and entitled court shall forthwith, on the filing by Petitioner of the bond hereinafter required, and on approving same according to law, issue a writ of injunction in conformity with the law and the terms of this order.

This order shall expire on December 21 , 2022.

This matter is set for a temporary injunction hearing in the 127th Judicial District Court of Harris County, Texas at 10:00 a.m./~~p.m.~~ on the 20th day of December , 2022.

**SO ORDERED.**

**SIGNED** on this the 14th day of December 2022, at 4:05 o'clock P.M.

_____
**Ancillary Judge Presiding**

* The Temporary Restraining Order, dated December 1, 2022, was determined to be void and of no effect.

12/8/2022 3:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 70836602
By: Shemeka Lee
Filed: 12/8/2022 3:03 PM

## CAUSE NO. 2022-77744

| | | |
|---|---|---|
| **MARY YOUNG,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **TEXAS SOUTHERN UNIVERSITY** | § | |
| **PRESIDENT LESIA CRUMPTON-** | § | |
| **YOUNG, TSU GENERAL** | § | |
| **COUNSEL HAO LE, AND THEIR** | § | |
| **DESIGNEES,** | § | |
| *Defendants.* | § | **127TH JUDICIAL DISTRICT** |

## <u>NOTICE OF ACCELERATED INTERLOCUTORY APPEAL</u>

Pursuant to Texas Rules of Appellate Procedure 25.1(a) and 26.1(b), Defendants Texas Southern University, Texas Southern University President Leisa Crumpton-Young and General Counsel Hao Le (the "Defendants") give notice of an appeal of the Court's implicit denial of the Defendants' First Amended Plea to the Jurisdiction during the December 8, 2022 hearing.

The Defendants are entitled to an interlocutory appeal pursuant to Civil Practice and Remedies Code section 51.014(a)(4) and (8), which allows for an immediate appeal from an order that denies a plea to the jurisdiction. Defendants appeal to the Fourteenth Court of Appeals. This is an accelerated appeal as provided by Texas Rule of Appellate Procedure 28.1. This is not a parental termination or child protection case, as defined in Rule 28.4.

Pursuant to Texas Civil Practice and Remedies Code § 51.014(b), all further proceedings in this court are stayed pending resolution of the Defendants' appeal.

**EXHIBIT**
**2**

Page **1** of **3**

Pursuant to section 6.001, as governmental officers, neither President Leisa Crumpton-Young nor General Counsel Hao Le are required to file a supersedeas bond for court costs. The Defendants' appeal is therefore perfected upon the filing of the notice of appeal.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**CHRISTOPHER HILTON**
Chief for General Litigation Division

*/s/ Daniel Coolidge*
DANIEL COOLIDGE
Assistant Attorney General
Texas Bar No. 24113693
daniel.coolidge@oag.texas.gov

*/s/ Benjamin S Lyles*
BENJAMIN S. LYLES
Assistant Attorney General
Texas Bar No.  24094808
benjamin.lyles@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4071 / Fax (512) 320-0667

**COUNSEL FOR DEFENDANTS**

Page **2** of 3

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 8, 2022, *Notice of Accelerated Appeal* was filed and served on the following attorneys of record via EFileTexas.gov and/or as shown below:

Benjamin L. Hall, III                          *Via eFileTexas*
William L. Van Fleet, II
Ryan Finnegan
The Hall Law Group, PLLC
530 Lovett Blvd.
Houston, Texas 77006

*Counsel for Plaintiff-Appellee*


                                        */s/ Daniel Coolidge*
                                        DANIEL COOLIDGE
                                        Assistant Attorney General

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Nicole Myette on behalf of Daniel Coolidge
Bar No. 24113693
nicole.myette@oag.texas.gov
Envelope ID: 70836602
Status as of 12/8/2022 4:36 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Rosalinda Luna | | Rosalinda.Luna@oag.texas.gov | 12/8/2022 3:03:30 PM | SENT |
| Benjamin S.Lyles | | benjamin.lyles@oag.texas.gov | 12/8/2022 3:03:30 PM | SENT |
| John DanielCoolidge | | daniel.coolidge@oag.texas.gov | 12/8/2022 3:03:30 PM | SENT |
| Nicole Myette | | nicole.myette@oag.texas.gov | 12/8/2022 3:03:30 PM | SENT |
| Ryan Finnegan | | rfinnegan@thlf.us | 12/8/2022 3:03:30 PM | SENT |
| Hall Law | | myteam@thlf.us | 12/8/2022 3:03:30 PM | SENT |
| Benjamin Hall | | bhall@thlf.us | 12/8/2022 3:03:30 PM | SENT |

# Supreme Court of Texas

No. 23-0391

Texas Southern University, Texas Southern University President
Lesia Crumpton-Young and General Counsel Hao Le,

*Petitioners*,

v.

Mary Young,

*Respondent*

On Petition for Review from the
Court of Appeals for the First District of Texas

*~ and ~*

No. 23-0392

In re Texas Southern University, Texas Southern University
President Lesia Crumpton-Young and General Counsel Hao Le,

*Relators*

On Petition for Writ of Mandamus

EXHIBIT
**3**

JUSTICE YOUNG, concurring in the denial of the petition for review and the petition for writ of mandamus.

The State contends that the trial court in this case improperly ordered merits discovery before ruling on the State's sovereign-immunity-based plea to the jurisdiction. The Court today denies the State's petition for review and petition for writ of mandamus. I concur and write separately to explain why.

Specifically, I do not disagree with the State that a trial court must resolve a challenge to its subject-matter jurisdiction before reaching any merits issues. To the contrary, I fully endorse that principle, which applies to *all* courts and to litigation involving *any* parties, not just the State. But when the State is the defendant, these principles may play out differently. The State possesses vastly more jurisdictional defenses than typical defendants do, so the no-merits-before-jurisdiction rule usually gives the State extraordinary benefits. The State's ability to insulate itself from suit unless a plaintiff can hurdle a bevy of jurisdictional obstacles, however, entails a consequence that the State finds less desirable—that jurisdictional discovery will often burden the State more than a typical defendant. The State must take the bitter with the sweet. If the waiver of immunity is tethered to specific factual prerequisites, the only way to know if immunity has been waived is to determine if the necessary facts exist. The path to that destination often passes through jurisdictional discovery. The State finds itself in that situation here.

My votes to deny the petitions for review and for writ of mandamus reflect disagreement not with the State's asserted legal principle, therefore, but only with the State's assertion that the lower courts in this

case (or more generally) are flouting that principle.

*    *    *

Mary Young began serving as the Chief of Police for Texas Southern University in 2017. In 2022, she learned that an allegedly anonymous complaint had been filed against her. Soon thereafter, TSU President Lesia Crumpton-Young falsely told Young that TSU's board of trustees wanted to fire her. Young also learned that TSU had been investigating her actions to determine whether there was merit to the complaint and whether her actions warranted termination. Despite Young's requests, TSU did not provide her a copy of the complaint.

In response, Young filed suit against TSU. She sought court orders prohibiting TSU from firing or otherwise disciplining her without first giving her a copy of the signed complaint. Young also sought a declaratory judgment that TSU's investigation and attempted discipline violated § 614 of the Texas Government Code. TSU filed a plea to the jurisdiction on the basis of sovereign immunity.

Before ruling on TSU's plea to the jurisdiction, the trial court ordered expedited discovery. The discovery order required TSU to turn over documents "related to the investigation" into Young's conduct and to produce for deposition Crumpton-Young and Darlene Brown, the auditor who led TSU's investigation into Young.

In this Court, the State's petition for review (in No. 23-0391) argues that the trial court improperly ordered merits discovery before ruling on the plea to the jurisdiction. The State contends that such an action implicitly denied the plea to the jurisdiction, which authorizes the State to bring an interlocutory appeal. It urges the Court to grant the

petition "[t]o clarify that a trial court may not subject a governmental defendant to *non-jurisdictional* discovery before ruling on a plea to the jurisdiction." (Emphasis added.)  As an alternative, if we were to conclude that we lack appellate jurisdiction, the State has filed a petition for writ of mandamus (in No. 23-0392), which asks us to direct the district court to withdraw its discovery order and rule on the plea to the jurisdiction, thus preventing unlawful merits discovery.  The underlying theory of both petitions is that merits discovery may not be ordered when there is a pending challenge to a trial court's subject-matter jurisdiction.

I do not see how anyone could disagree with that proposition. "Subject matter jurisdiction is 'essential to a court's power to decide a case.'" *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (quoting *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000)).  It does not mean that anything short of a final decision is fair game despite the absence of jurisdiction, of course, because the principle "stems from the doctrine of separation of powers, and aims to keep the judiciary from encroaching on subjects properly belonging to another branch of government." *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 379 (Tex. 2006) (Brister, J., concurring).  A court that exercises unauthorized judicial power is necessarily exercising power that belongs to someone else, either to others within the government or to the citizens of our State.

The State's premise is therefore correct: subject-matter jurisdiction is a condition precedent to reaching the merits of a dispute.  *See In re Lazy W Dist. No. 1*, 493 S.W.3d 538, 544 (Tex. 2016) ("A trial court 'must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to

proceed.'" (quoting *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004))); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (describing "the first and fundamental question [as] that of jurisdiction" (quoting *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900))).   Because "[s]overeign immunity from suit deprives a trial court of subject-matter jurisdiction," the trial court here has no authority to proceed to the merits until it determines whether TSU's plea to the jurisdiction should be sustained.  *Shamrock Psychiatric Clinic, P.A. v. DHHS*, 540 S.W.3d 553, 559 (Tex. 2018).   Discovery that implicates only the merits is wholly improper until it is clear that the court has authority to reach the merits.

But because discovery is not invariably tethered only to the merits, discovery is not categorically unavailable upon a challenge to a trial court's subject-matter jurisdiction.   "Courts always have jurisdiction to determine their own jurisdiction," *Harrell v. State*, 286 S.W.3d 315, 317 (Tex. 2009) (quoting *Hous. Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007)), so if discovery is needed to reach that determination, "trial courts considering a plea to the jurisdiction have broad discretion to allow 'reasonable opportunity for targeted discovery' and to grant parties more time to gather evidence and prepare for such hearings." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 642–43 (Tex. 2012) (quoting *Miranda*, 133 S.W.3d at 233).   After all, especially when the State is a party, jurisdiction can turn on contested facts.   A trial court lacking sufficient evidence to resolve a jurisdictional fact question and thus to rule on the plea to the jurisdiction may order targeted discovery. *Miranda*, 133 S.W.3d at 229.   Discovery of this kind

is not a transgression of a court's subject-matter jurisdiction—it is how a court ensures that no such transgression occurs.

Relevant to this case, where the facts are insufficient for a court to determine its jurisdiction in an *ultra vires* claim, a court may order targeted discovery into the key factual issues related to the claim. True, there will sometimes—often—be some overlap with the merits, especially in *ultra vires* cases where the waiver of immunity, which implicates jurisdiction, is closely linked to the merits. That truism hardly means that broad discovery into the merits is permissible, though. Targeted discovery cannot be allowed unless—and only to the extent that—it is essential to the resolution of a jurisdictional question. It would be worse than improper for a court to keep anything but a firm tether on discovery during the pendency of a jurisdictional challenge.

The scope of jurisdictional discovery, therefore, will vary based on the scope of an *ultra vires* allegation, which "is dependent upon the grant of authority at issue in any particular case." *Hous. Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 164 (Tex. 2016). The grant of authority at issue here is in the Texas Government Code. The statute requires an agency to give a law enforcement officer "[a] copy of a signed complaint [filed against her] . . . within a reasonable time after the complaint is filed." Tex. Gov't Code § 614.023(a). And "[d]isciplinary action may not be taken against the officer . . . unless a copy of the signed complaint is given to" her. *Id.* § 614.023(b). The statute also provides that a complaint may not be "considered by the head of a state agency" unless the complaint is first "in writing" and second "signed by the person making the complaint." *Id.* § 614.022.

The State argues that the "only potential [jurisdictional] factual dispute concerns when Young received a copy of the complaint against her and what the contents of that complaint were." I cannot agree. The statute raises several jurisdictional factual issues: (1) when Crumpton-Young was alerted to the complaint and what action she took, if any, between that time and when Young was provided a copy of the complaint; (2) whether TSU took any disciplinary actions against Young before giving her a copy of the complaint; and (3) whether Young was provided the complaint within a reasonable time. From what I can see, the trial court did not have the evidence it needed to properly address these jurisdictional issues.

Young pleaded that Crumpton-Young told her that she was going to be fired because of an anonymous complaint. She also pleaded that TSU was investigating her to determine whether there was merit to the complaint's allegations. Why Crumpton-Young made her false statement to Young, and what decisions were being made during TSU's investigation, implicate a fact issue as to whether TSU had decided to discipline Young before she was given the allegedly anonymous complaint. In fact, the trial court noted in its discovery order that the reason Crumpton-Young made her false statement to Young was "directly probative on the issue that an adverse employment decision had been made without complying with [the statute]."

The trial court required TSU to turn over documents related to Brown's investigation. It also required the depositions of Brown and Crumpton-Young. True, if understood apart from its context, this discovery order *could* be viewed as overbroad and beyond what is needed

to determine the court's jurisdiction to hear the suit.  In a vacuum, it might appear to authorize discovery into the merits.  But the order was not issued in a vacuum.   Everyone knows its jurisdictional purpose.  Given that context, we cannot assume that any apparent imprecision or breadth reflects a trial court's intent to ignore jurisdiction and address the merits.  Ordering jurisdictional discovery would be a clear abuse of discretion only if it necessarily trespasses so far into the merits that any tether to pending jurisdictional questions was illusory or pretextual.  And such an order would warrant appellate relief only if a trial court refused to correct it.

I acknowledge, of course, that parties might seek improper discovery from an order that does not inherently or inevitably require transgressing the no-merits-before-jurisdiction rule.  If they do, the State (or any party in such a situation) could readily take protective action far short of immediately noticing an appeal or seeking mandamus relief.  For one thing, if an adverse party (in this case, Young) seeks to leverage permissible *jurisdictional* discovery into clearly impermissible *merits* discovery, the other side (in this case, the State) may seek a protective order, resist a motion to compel, or take similar steps.  A trial court who issued an order in good faith only to determine its own jurisdiction would not permit that order to be abused.  If it does, the appellate courts can and should appropriately limit discovery.  The State, in fact, has identified two cases in which a lower court has acted in disregard of the jurisdictional principles that the State advances, and in both cases the appellate courts stepped forward to vindicate those principles.  *See In re Lamar Univ.*, No. 09-18-00241-CV, 2018 WL 3911062 (Tex. App.—

8

Beaumont Aug. 16, 2018, orig. proceeding); *City of Galveston v. Gray*, 93 S.W.3d 587, 591 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

By contrast, the State thus far has not identified cases where the courts of appeals have failed to act appropriately. If there is an epidemic of unconstitutional orders allowing merits discovery without a jurisdictional foundation, I am unaware of it. If the State, or any party, finds itself in such a position, that party should present concrete evidence that the trial court has exceeded its jurisdiction (and, especially in this Court, any available evidence that other courts are frequently doing so). At present, however, this Court's review does not appear to be needed.

Again, I emphasize that "the court may not reach the merits if it finds a single valid basis to defeat jurisdiction." *Rattray v. City of Brownsville*, 662 S.W.3d 860, 868 (Tex. 2023). Trial courts must determine whether they have jurisdiction before proceeding to the merits. Based on the information before us, the lower courts appreciate this fundamental principle. Nothing that I see in this case reflects a clear violation of the very rules the State properly defends. The district court neither implicitly denied the plea to the jurisdiction nor clearly abused its discretion by allowing discovery in derogation of its jurisdiction. I therefore concur in the denial of the petitions for review and for writ of mandamus.

_____
Evan A. Young
Justice

**OPINION FILED:** October 13, 2023

9



Texas Southern University
Division of Business & Finance
3100 Cleburne Street, Hannah Hall #116
Houston, Texas 77004
Phone: (713) 313-1382
Devi.Bala@tsu.edu | www.tsu.edu

January 9, 2023

**Via Courier, CMRRR, Regular Mail, and E-mail (through counsel)**

Ms. Mary Young
2818 Sedona Creek Drive
Missouri City, Texas 77459

        **Subject:**        Notice of Employment Separation

Dear Ms. Young:

        As you know, Texas Southern University ("TSU") is committed to the safety of its students, faculty, and staff. That commitment is reflected in the creation and operation of the University's Department of Public Safety ("TSU DPS"). Such effective and efficient operation require a focus on safety. It has come to TSU's attention that there is confusion, divisiveness, dissention, and acrimony throughout TSU DPS — all caused by your actions despite repeated requests to cease. This has distressed TSU DPS's members, resulting in contemplated resignations and sick-leave usage. In addition, please see the specific findings regarding your fraudulent conduct detailed at length in the investigator's report that you have had in your possession.

        TSU no longer has the confidence that you can continue to be a contributing member of the TSU DPS with our ongoing focus on safety. You have intentionally violated the terms of your paid administrative leave communicated on December 1, 2022. In fact, multiple TSU DPS officers have testified via affidavit — which is on file in the spurious lawsuit you filed — that you and your counsel have gone so far as threatening them individually and in-person on TSU's campus.

        Accordingly, please allow this letter to serve as notice of immediate termination of your at-will employment with TSU. Through counsel, we will work to coordinate the return of all TSU property in your possession, including vehicle, keys, computer, access card, mobile telephone, credit and/or procurement cards. **Your presence on campus grounds or attendance at any TSU-sanctioned event is strictly prohibited.**

**EXHIBIT**
**4**

1

Through respective counsel, please contact the Office of Human Resources for information regarding any benefits for which you may be eligible *(e.g.*, TRS, COBRA, etc.) at (713) 313-7521.

Sincerely,

Devi Bala
Vice President of Business & Finance/CFO

Cc:     Human Resources Department
        Benjamin Hall (bhall@thlf.us)

2

ACCEPTED
01-22-00913-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/13/2022 4:20 PM
CHRISTOPHER PRINE
CLERK

00913-CV

No. 01-22-00~~940~~ CV

In the Court of Appeals
for the First Judicial District
Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/13/2022 4:20:17 PM
CHRISTOPHER A. PRINE
Clerk

_____

TEXAS SOUTHERN UNIVERSITY, PRESIDENT LESIA CRUMPTON-YOUNG,
TSU GENERAL COUNSEL HAO LE,

*Appellant-Plaintiff,*

v.

MARY YOUNG,

*Appellees-Defendants.*

_____

On Appeal from the
127th District Court of Harris County, Texas
No. 2022-77744

_____

**RESPONSE IN OPPOSITION TO APPELLEE MARY YOUNG'S
EMERGENCY MOTION TO DISMISS APPEAL FOR LACK OF
JURISDICTION OR, ALTERNATIVELY, FOR TEMPORARY RELIEF**

_____

TO THE HONORABLE COURT OF APPEALS:

Appellants-Defendants Texas Southern University, President Lesia Crumpton-Young, and General Counsel Hao Le ("TSU") file this Response in Opposition to Appellee-Plaintiff Mary Young's ("Young") Emergency Motion to Dismiss Appeal for Lack of Jurisdiction or, Alternatively, for Temporary Relief, and would respectfully show the Court as follows:

**NATURE AND STAGE OF THE PROCEEDINGS**

- 1 -

EXHIBIT
**5**

This appeal is about whether a trial court may subject a governmental unit to its jurisdiction despite the governmental unit's assertion of sovereign immunity and request to stay all discovery until resolution of the jurisdictional defenses.

On Friday, December 2, 2022, an ancillary judge granted—pursuant to a hearing in which TSU had little notice—Young's motion to conduct expedited discovery in preparation for a temporary injunction hearing. The expedited discovery order required TSU to produce documents on Wednesday, December 7, produce the relevant investigator, Darlene Brown, for a deposition on Friday, December 9, and produce TSU President Leisa Crumpton-Young for a deposition on Monday, December 12. The hearing on the temporary injunction was initially set for December 14, but is now set for December 20.

On Monday, December 5, 2022, the Appellants filed a Plea to the Jurisdiction ("Plea"), arguing that sovereign immunity bars all of Young's claims, and also filed a Motion for Reconsideration and Motion for Protective Order to Stay Discovery ("Motion to Stay"), requesting the trial court to reconsider the expedited discovery order in light of the jurisdictional defenses and stay all discovery until the Court resolves the Plea. Both the Plea and Motion to Stay were set for a hearing on Thursday, December 8. On Wednesday, December 7, Young filed an amended petition, and TSU responded by filing an Amended Plea to the Jurisdiction. A temporary restraining order

against TSU was also issued on December 7, again, despite TSU's jurisdictional defenses.

The trial court, both in a December 7 telephone conference and at the December 8 hearing, refused to consider either versions of the Plea or the Motion to Stay, wanting to give Young an adequate opportunity to respond to the jurisdictional arguments, and stated that the trial court will see the Parties at the temporary injunction hearing. By refusing to consider TSU's jurisdictional arguments, reconsider the expedited discovery order, or stay discovery until it resolved the jurisdictional issues, and proceeding to a temporary injunction hearing, the trial court subjected TSU to its jurisdiction, forcing TSU to produce documents, defend depositions, and appear at a temporary injunction hearing despite the assertion of sovereign immunity.

TSU brings this accelerated interlocutory appeal pursuant to Texas Civil Practices & Remedies Code § 51.014 to resolve its jurisdictional defenses. TSU respectfully requests the Court retain this appeal.

**RESPONSE IN OPPOSITION TO EMERGENCY MOTION TO DISMISS
APPEAL FOR LACK OF JURISDICTION OR, ALTERNATIVELY, FOR
TEMPORARY RELIEF**

**I.    This Court has jurisdiction over TSU's appeal.**

> **A. The Court may consider an appeal based on an implicit denial of a
> Plea to the Jurisdiction.**

Texas Civil Practice and Remedies Code § 51.014(a)(8) states that a governmental

entity may appeal from an interlocutory order of a district court that denies a Plea to

the Jurisdiction. Tex. Civ. Prac. & Rem. Code § 51.014(a)(8). The Texas Supreme Court

held that a governmental unit may take such an interlocutory appeal when the trial court

implicitly—as opposed to explicitly—denies a Plea to the Jurisdiction. *Thomas v. Long*,

207 S.W.3d 334, 340 (Tex. 2006); *see also San Jacinto County v. Nunn*, 203 S.W.3d 905, 907

(Tex. App.—Beaumont 2006, pet. denied) (appellate court had jurisdiction over trial

court's implicit denial of Plea); *Tex. Dep't of Family & Prot. Servs. v. ASI Gymnastics, Inc.*,

No. 05-09-01469-CV, 2010 WL 2764793, at *1 n.2 (Tex. App.—Dallas Jul. 14, 2010,

no pet.) (holding that the grant of injunctive relief served as an implicit denial of the

government's Plea).

Young argues that this Court should dismiss TSU's appeal because the trial court

has not entered a written order. However, a valid, signed order *does* exist in this case—

the expedited discovery order. Not only does this order *alone* implicitly deny TSU's Plea

to the Jurisdiction by subjecting it to the Court's jurisdiction, but by forcing TSU to

comply with the order, the trial court also implicitly denies the Plea.

- 4 -

The case that Young relies on to support her contention is also distinguishable. *See Tex. Dept. of Pub. Safety v. Salazar*, No. 03-11-00206-CV, 2011 WL 1469429, at *1 (Tex. App.—Austin Apr. 19, 2011, no pet.) (mem. op.). In that case, the Third Court of Appeals held that the Court's grant of a motion for continuance on a hearing on a plea to the jurisdiction, while allowing additional discovery, did not "implicitly deny" the government's Plea, and thus the Court lacked jurisdiction. *Id.* First, discovery in *Salazar* was on-going and delved into non-jurisdictional issues, as the case was remanded to the trial court initially after the court determined that two of the plaintiffs' statutory challenges were not barred by sovereign immunity, and the subsequent accelerated appeal after remand occurred almost a year and a half later. *See Tex. Dep't of Pub. Safety v. Salazar*, 304 S.W.3d 896, 910 (Tex. App.—Austin 2009, no pet.); *Salazar*, 2011 WL 1469429, at *1. Here, discovery has not yet commenced, but the trial court intends to subject TSU to discovery that is unrelated to jurisdiction, which is not proper. *See In re Hao Hao Buddhist Congregational Church Tex. Chapter*, No. 01-14-00059-CV, 2014 WL 7335188, at *6 (Tex. App.—Houston [1st Dist.] Dec. 23, 2014, orig. proceeding) (mem. op.) ("We conclude that the trial court abused its discretion in requiring relators to comply fully with Huynh's discovery demands before determining the jurisdiction question raised in relater's motion for protective order and plea to the jurisdiction."); *In re Kimberly-Clark Corp.*, 228 S.W.3d 480, 490 (Tex. App.—Dallas 2007, orig. proceeding) (citing *In re Dyer Custom Installation, Inc.*, 133 S.W.3d 878, 883 (Tex. App.—Dallas 2004,

- 5 -

orig. proceeding)) ("Allowing discovery that provides a party the relief sought in the main suit severely compromises or vitiates the other party's ability to present her claim or defense during a trial because the issue would be moot."). Second, the trial court did not rule on Young's motion for continuance, but instead intended for TSU to be subjected to its jurisdiction by requiring it to participate in depositions and attend the temporary injunction hearing.

### B. The expedited discovery order did not permit "limited" jurisdictional discovery; rather, it ordered unnecessary discovery into the merits of the lawsuit.

Young claims the expedited discovery order allows for "limited and targeted discovery." However, the expedited discovery order required TSU to engage in discovery related to the actual merits of the lawsuit—and thus was not limited to the jurisdictional issues. Specifically, the order required TSU to produce Darlene Brown for a deposition to be "examined and questioned about her audit and work relating to Petitioner and the complaint(s) she investigated." *See* December 2, 2022 Order Granting Expedited Discovery. Similarly, the order required TSU to produce President Crumpton-Young to be questioned "on the matters asserted in this case." *See* December 2, 2022 Order Granting Expedited Discovery.

It is improper for a trial court to permit discovery that delves into the merits of a case after a governmental unit asserts jurisdictional bars—unless discovery is jurisdictionally related. *See, e.g., In re Astrotech Corp.*, No. 03-13-00624-CV, 2014 WL

- 6 -

711018, at *2 (Tex. App.—Austin Feb. 12, 2014, orig. proceeding) (mem. op.). ("If the trial court does not have jurisdiction to enter a judgment, it does not have jurisdiction to allow plaintiffs to conduct discovery."); *In re CMM Const. Co., Inc.*, No. 09-05-096-CV, 2005 WL 913438, at *2 (Tex. App.—Beaumont Apr. 21, 2005, orig. proceeding) (mem. op.) (holding that the trial court should not permit discovery on matters unrelated to determination of jurisdictional issues, prior to conducting a hearing or ruling on the merits of a motion to abate); *but see Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000) ("When reviewing a plea to the jurisdiction, a court should limit itself to the jurisdictional issue and avoid considering the merits of the claims."). Because the discovery required by the expedited discovery order concerned the actual merits of the case, forcing TSU to engage in discovery despite its jurisdictional defenses is improper.

## II.    Young's request for this Court to continue the temporary restraining order is irrelevant because the underlying lawsuit is stayed.

Texas Civil Practices and Remedies Code § 51.014(b) states that an appeal based on a denial of a governmental unit's Plea to the Jurisdiction "stays *all other proceedings in the trial court pending resolution of that appeal.*" Tex. Civ. Prac. and Rem. Code § 51.014(b). Because a temporary restraining order is a form of injunctive relief, this automatic stay operates to keep it in force pending resolution of this appeal. During this appeal, this Court holds exclusive jurisdiction over the case, meaning it has sole jurisdiction to dissolve the temporary restraining order. *See* Tex. R. App. P. 29.5 (the appellate court

retains jurisdiction of the case during this interlocutory because the trial court's jurisdiction is prohibited by Tex. Civ. Prac. & Rem. Code § 51.014). Therefore, Young's request for this Court to continue the temporary restraining order is irrelevant.

### III.  TSU seeks this appeal not for purposes of delay.

Finally, Young accuses TSU of "gamesmanship" and argues that TSU filed this appeal "solely for the purpose of running out the clock on the temporary restraining order" and "preventing the trial court from conducting the temporary injunction hearing." Not so. The law is clear that a "trial court *must* determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing litigation to proceed." *See Tex. Parks & Wildlife Dep't v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (emphasis added) (citing *Austin N.W.R. Co. v. Cluck*, 97 Tex. 403, 405 (1903)). "Before a court may address the merits of any case, the court *must* have jurisdiction over the party or the property subject to suit, jurisdiction over the subject matter, jurisdiction to enter a particular judgment, and capacity to act as a court." *St. Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (emphasis added).

The doctrine of sovereign immunity is the bedrock of governmental operation— it preserves the separation of powers, "protects the public treasury," and "prevent[s] potential disruptions of key government services that could occur when government funds are unexpectedly and substantially diverted by litigation." *Univ. of Incarnate Word v. Redus*, 602 S.W.3d 398, 404 (Tex. 2020) (quoting *Wasson Interests, Ltd. v. City of*

*Jacksonville*, 489 S.W.3d 427, 429, 431 (Tex. 2016)). Sovereign immunity is both "'inherent' in Texas statehood and 'developed without any legislative or constitutional enactment.'" *Id.* at 404. Forcing TSU to engage in discovery and appear at a temporary injunction hearing *before* the court rules on the jurisdictional issues is not only improper based on case law, but it would also render TSU's immunity completely useless. *Harris County Flood Control Dist. v. PG & E Tex. Pipeline, L.P.*, 35 S.W.3d 772, 773–74 (Tex. App.—Houston [1st Dist.] 2000, pet. dism'd w.o.j.)) ("The policy reasons for providing an interlocutory appeal from an order granting or denying a plea to the jurisdiction is the State should not have to expend resources in trying a case on the merits if it is immune from suit.").

TSU has every right to challenge the trial court's jurisdiction before the court has the opportunity to render any judgment in this case. *See Univ. of Tex. MD Anderson Cancer Ctr. v. Contreras*, 576 S.W.3d 439, 443 (Tex. App.—Houston [1st Dist.] 2019, no pet.) ("We thus must consider the sovereign-immunity arguments made by a governmental unit on appeal regardless of whether it made these arguments or how it framed them in the trial court.").

## CONCLUSION

Not only does sovereign immunity bar Young's lawsuit, but TSU should not be subjected to the trial court's jurisdiction without the trial court first ruling on whether

sovereign immunity bars subject matter jurisdiction. Appellants respectfully request that the Court retain this appeal to address TSU's jurisdictional defenses.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

CHRISTOPHER HILTON
Chief, General Litigation Division

/s/ Daniel Coolidge
DANIEL COOLIDGE
Attorney-in-Charge
Texas Bar No. 24113693
Assistant Attorney General
daniel.coolidge@oag.texas.gov

General Litigation Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone (512) 475-4072
Facsimile: (512) 320-0667

**ATTORNEYS FOR APPELLANTS-DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served electronically through the electronic filing manager in accordance with Tex. R. App. P. 9.5(b)(1) on the 13th day of December, 2022, to:

Benjamin L. Hall, III                                *Via electronic mail through File and*
William L. Van Fleet, II                             *Serve Texas*
Ryan Finnegan
The Hall Law Group, PLLC
530 Lovett Blvd.
Houston, Texas 77006

*Counsel for Plaintiff*

/s/ *Daniel Coolidge*
DANIEL COOLIDGE
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes.  This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains less than 15,000 words, excluding any parts exempted by Tex. R. App. P. 9.4.(i)(1).

/s/ *Daniel Coolidge*
DANIEL COOLIDGE
Assistant Attorney General

- 11 -

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nicole Myette on behalf of Daniel Coolidge
Bar No. 24113693
nicole.myette@oag.texas.gov
Envelope ID: 70981245
Status as of 12/13/2022 4:45 PM CST

Associated Case Party: Mary Young

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Benjamin L. Hall, III | | bhall@thlf.us | 12/13/2022 4:20:17 PM | SENT |
| William L.Van Fleet, II | | bvfleet@comcast.net | 12/13/2022 4:20:17 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ryan Finnegan | | rfinnegan@thlf.us | 12/13/2022 4:20:17 PM | SENT |
| Kimberly Bobb | | kbobb@thlf.us | 12/13/2022 4:20:17 PM | SENT |
| Nicole Myette | | nicole.myette@oag.texas.gov | 12/13/2022 4:20:17 PM | SENT |

Associated Case Party: Texas Southern University

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nicole A.Myette | | nicole.myette@oag.texas.gov | 12/13/2022 4:20:17 PM | SENT |
| Daniel Coolidge | | daniel.coolidge@oag.texas.gov | 12/13/2022 4:20:17 PM | SENT |
| Benjamin S.Lyles | | benjamin.lyles@oag.texas.gov | 12/13/2022 4:20:17 PM | SENT |

ACCEPTED
01-22-00913-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/14/2022 11:03 AM
CHRISTOPHER PRINE
CLERK

## No. 01-22-00910-CV

In the Court of Appeals
for the First Judicial District
Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

12/14/2022 11:03:44 AM

CHRISTOPHER A. PRINE
Clerk

—————————————————

TEXAS SOUTHERN UNIVERSITY, PRESIDENT LESIA CRUMPTON-YOUNG,
TSU GENERAL COUNSEL HAO LE,

*Appellant-Plaintiff,*

v.

MARY YOUNG,

*Appellees-Defendants.*

—————————————————

From the 127th District Court of Harris County
No. 2022-77744

—————————————————

## AMENDED OPPOSITION TO YOUNG'S EMERGENCY MOTION TO DISMISS

—————————————————

Sovereign immunity is not just protection from liability, but protection from suit. A district court is therefore required to determine whether a government entity enjoys sovereign immunity before litigation against that entity can proceed. Here, the district court ordered the government entity to respond to discovery requests after that entity had invoked its immunity from suit, necessarily determining that the entity did not enjoy that immunity, and the entity, as it is entitled to do, appealed that determination. There is no basis for dismissing that appeal, and the plaintiff's request that the Court do so should be denied.

EXHIBIT
6

## NATURE AND STAGE OF THE PROCEEDINGS

This appeal is about whether a trial court may force a government entity to submit to suit jurisdiction despite the entity's assertion of its sovereign immunity from suit.

Plaintiff Mary Young is the chief of police for Defendant Texas Southern University. She sued TSU and its president (and, later, its general counsel; collectively, "TSU") claiming that her due-process rights to receive notice of a complaint before being disciplined as a result of it were about to be violated. She requested a temporary restraining order preventing TSU from taking disciplinary action against her. An ancillary judge issued the requested TRO over TSU's objecting that it enjoyed sovereign immunity from Young's claims. The district judge later found that this TRO was void.

On Friday, December 2, an ancillary judge ordered TSU to respond to Young's requested discovery in preparation for the December 14 temporary-injunction hearing, which was later reset to December 20. The order required TSU to produce documents on Wednesday, December 7, produce the relevant investigator for a deposition on Friday, December 9, and produce TSU President Leisa Crumpton-Young for a deposition on Monday, December 12.

TSU filed a plea to the jurisdiction on Monday, December 5, asserting its sovereign immunity from Young's claims. It also moved to reconsider the expedited-discovery order and for protection from Young's requested discovery, asking the trial

court to reconsider the discovery order in light of TSU's sovereign immunity and stay discovery until the plea was resolved. Both the plea and stay motion were set for a hearing on Thursday, December 8.

The day before that hearing, Wednesday, December 7, Young filed an amended petition, to which TSU responded with an amended plea to the jurisdiction. Young also obtained a replacement TRO that day, again over TSU's assertion of sovereign immunity. In both a telephone conference that day and at the next day's hearing, the district judge refused to consider either version of the plea or the stay motion, stating that it would see the parties at the temporary injunction hearing. The expedited-discovery order was therefore left in place, subjecting TSU to the district court's jurisdiction and forcing it to produce documents, defend depositions, and appear at a temporary-injunction hearing despite its assertion of sovereign immunity.

TSU brings this accelerated interlocutory appeal under to Texas Civil Practices & Remedies Code § 51.014 to resolve its jurisdictional defenses.

## RESPONSE IN OPPOSITION TO EMERGENCY MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION OR, ALTERNATIVELY, FOR TEMPORARY RELIEF

### I.    This Court has jurisdiction over TSU's appeal.

#### A. The Court may consider an appeal based on an implicit denial of a Plea to the Jurisdiction.

A governmental entity may appeal from an interlocutory order of a district court that denies a Plea to the Jurisdiction. Tex. Civ. Prac. & Rem. Code § 51.014(a)(8). As

the Texas Supreme Court has recognized, these appeals are just as proper when the denial is implicit as when it is explicit. *Thomas v. Long*, 207 S.W.3d 334, 340 (Tex. 2006); *see also San Jacinto County v. Nunn*, 203 S.W.3d 905, 907 (Tex. App.—Beaumont 2006, pet. denied) (appellate court had jurisdiction over trial court's implicit denial of plea); *Tex. Dep't of Family & Prot. Servs. v. ASI Gymnastics, Inc.*, No. 05-09-01469-CV, 2010 WL 2764793, at *1 n.2 (Tex. App.—Dallas Jul. 14, 2010, no pet.) (grant of injunctive relief implicitly denied plea).

Young's demand that the Court dismiss the appeal for want of a written order is doubly flawed. First, the Court's jurisdiction does not depend on the existence of a written order, but on the existence of an order—and one exists here. Second, the district court *has* signed an order—the expedited discovery order. That order commands TSU's obedience to a court and therefore subjects it to that court's jurisdiction—forcing it TSU to comply with that order necessarily, if implicitly, denies the plea.

The case that Young relies on to support her contention is also distinguishable. That case, *Tex. Dept. of Pub. Safety v. Salazar*, involved a continuance of a hearing on a plea to the jurisdiction. No. 03-11-00206-CV, 2011 WL 1469429, at *1 (Tex. App.—Austin Apr. 19, 2011, no pet.). The Third Court held there that allowing discovery did not "implicitly deny" the government's Plea because discovery was already ongoing on matters where sovereign immunity had already been found, in a previous appeal, to be waived. *Id.*; *see Tex. Dep't of Pub. Safety v. Salazar*, 304 S.W.3d 896, 910 (Tex. App.—

Austin 2009, no pet.). Here, the trial court has ordered TSU to comply with merits discovery before determining whether TSU enjoys the immunity that had already been found lacking in *Salazar*—and while jurisdictional discovery might arguably be appropriate in such an instance, merits discovery is not. *See In re Hao Hao Buddhist Congregational Church Tex. Chapter*, No. 01-14-00059-CV, 2014 WL 7335188, at *6 (Tex. App.—Houston [1st Dist.] Dec. 23, 2014, no pet.) ("We conclude that the trial court abused its discretion in requiring relators to comply fully with Huynh's discovery demands before determining the jurisdiction question raised in relater's motion for protective order and plea to the jurisdiction."); *In re Kimberly-Clark Corp.*, 228 S.W.3d 480, 490 (Tex. App.—Dallas 2007, orig. proceeding) (citing *In re Dyer Custom Installation, Inc.*, 133 S.W.3d 878, 883 (Tex. App.—Dallas 2004, orig. proceeding)) ("Allowing discovery that provides a party the relief sought in the main suit severely compromises or vitiates the other party's ability to present her claim or defense during a trial because the issue would be moot."). Second, the trial court did not rule on Young's motion for continuance, but instead intended for TSU to be subjected to its jurisdiction by requiring it to participate in depositions and attend the temporary injunction hearing.

**B. The expedited discovery order did not permit "limited" jurisdictional discovery; rather, it ordered unnecessary discovery into the merits of the lawsuit.**

Young claims the expedited discovery order allows for "limited and targeted discovery." However, the expedited discovery order required TSU to engage in

discovery related to the actual merits of the lawsuit—and thus was not limited to the jurisdictional issues. Specifically, the order required TSU to produce Darlene Brown for a deposition to be "examined and questioned about her audit and work relating to Petitioner and the complaint(s) she investigated." *See* December 2, 2022 Order Granting Expedited Discovery. Similarly, the order required TSU to produce President Crumpton-Young to be questioned "on the matters asserted in this case." *Id.*

It is improper for a trial court to permit discovery that delves into the merits of a case after a governmental unit asserts jurisdictional bars—unless discovery is also jurisdictionally related. *See, e.g.*, *In re Astrotech Corp.*, No. 03-13-00624-CV, 2014 WL 711018, at *2 (Tex. App.—Austin Feb. 12, 2014, orig. proceeding) ("If the trial court does not have jurisdiction to enter a judgment, it does not have jurisdiction to allow plaintiffs to conduct discovery."); *In re CMM Const. Co., Inc.*, No. 09-05-096-CV, 2005 WL 913438, at *2 (Tex. App.—Beaumont Apr. 21, 2005, orig. proceeding) (trial court should not permit discovery on matters unrelated to determination of jurisdictional issues, prior to conducting a hearing or ruling on the merits of a motion to abate); *cf. Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000) ("When reviewing a plea to the jurisdiction, a court should limit itself to the jurisdictional issue and avoid considering the merits of the claims."). Because the discovery required by the expedited discovery order concerned the actual merits of the case, forcing TSU to engage in discovery despite its jurisdictional defenses is improper.

## II.    Young does not establish the factors required to demonstrate her entitlement to continuance of the TRO.

Young does not even bother to try to establish her entitlement to relief pending appeal as required under Texas Rule of Appellate Procedure 29.3. She argues none of the four familiar factors required for an injunction, much less one pending appeal, choosing instead to lob ad hominem attacks at TSU, accusing it of a cynical attempt to "run[] out the clock on the temporary restraining order" and "prevent[] the trial court from conducting the temporary injunction hearing." Mot. at ¶¶ 10–14. Not so. The law is clear that a "trial court *must* determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing litigation to proceed." *See Tex. Parks & Wildlife Dep't v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (emphasis added) (citing *Austin N.W.R. Co. v. Cluck*, 97 Tex. 403, 405 (1903)).

The doctrine of sovereign immunity is the bedrock of governmental operation— it preserves the separation of powers, "protects the public treasury," and "prevent[s] potential disruptions of key government services that could occur when government funds are unexpectedly and substantially diverted by litigation." *Univ. of Incarnate Word v. Redus*, 602 S.W.3d 398, 404 (Tex. 2020) (quoting *Wasson Interests, Ltd. v. City of Jacksonville*, 489 S.W.3d 427, 429, 431 (Tex. 2016)). Sovereign immunity is both "'inherent' in Texas statehood and 'developed without any legislative or constitutional enactment.'" *Id.* at 404. Forcing TSU to engage in discovery and appear at a temporary injunction hearing *before* the court rules on the jurisdictional issues is not only improper

based on case law, but it would also render TSU's immunity completely useless. *Harris County Flood Control Dist. v. PG & E Tex. Pipeline, L.P.*, 35 S.W.3d 772, 773–74 (Tex. App.—Houston [1st Dist.] 2000, pet. dism'd w.o.j.)) ("The policy reasons for providing an interlocutory appeal from an order granting or denying a plea to the jurisdiction is the State should not have to expend resources in trying a case on the merits if it is immune from suit.").

TSU has every right to challenge the trial court's jurisdiction before it tries to render any judgment in this case. *See Univ. of Tex. MD Anderson Cancer Ctr. v. Contreras*, 576 S.W.3d 439, 443 (Tex. App.—Houston [1st Dist.] 2019, no pet.) ("We thus must consider the sovereign-immunity arguments made by a governmental unit on appeal regardless of whether it made these arguments or how it framed them in the trial court."). And Young's distaste of the State's procedural rights does not excuse her from her own procedural duties to demonstrate her entitlement to the relief she seeks—here, an injunction pending appeal. Young's request that the Court continue the trial court's TRO is based on exactly as much evidence as her assumptions about TSU's malignity: zero.

## CONCLUSION

Not only does sovereign immunity bar Young's lawsuit, but TSU should not be subjected to the trial court's jurisdiction without the trial court first ruling on whether

sovereign immunity bars subject matter jurisdiction. TSU respectfully requests that the

Court deny Young's motions and retain the appeal.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

CHRISTOPHER HILTON
Chief, General Litigation Division

/s/ Daniel Coolidge
DANIEL COOLIDGE
Attorney-in-Charge
Texas Bar No. 24113693
Assistant Attorney General
daniel.coolidge@oag.texas.gov

General Litigation Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone (512) 475-4072
Facsimile: (512) 320-0667

**ATTORNEYS FOR DEFENDANTS-APPELLANTS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served electronically through the electronic filing manager in accordance with Tex. R. App. P. 9.5(b)(1) on the 14th day of December, 2022, to:

Benjamin L. Hall, III                   *Via electronic mail through File and*
William L. Van Fleet, II              *Serve Texas*
Ryan Finnegan
The Hall Law Group, PLLC
530 Lovett Blvd.
Houston, Texas 77006

*Counsel for Plaintiff*

/s/ *Daniel Coolidge*
DANIEL COOLIDGE
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains less than 15,000 words, excluding any parts exempted by Tex. R. App. P. 9.4.(i)(1).

/s/ *Daniel Coolidge*
DANIEL COOLIDGE
Assistant Attorney General

- 10 -

Cause No. 2022-77744

Young

v.

TSU

127th Dist Ct.

the subpoena on Ms. Brown. *See* Exhibit 2, December 1, 2022 email from Mr. Lyles. Such

gamesmanship should not be tolerated—he either is her attorney or he is not!

**REQUEST #1:** That Ms. Darlene Brown and her company, McConnell & Jones immediately turnover complete and exact copies to Petitioner's counsel all documents, recordings, electronic communications, drafts of reports and findings, and communications with any TSU employee or representative and that such documents be immediately produced and delivered to Petitioner counsel's office *before* end of business on ~~Monday, December 5, 2022. All information and records requested in Petitioner's attached Instanter Subpoena, see Exhibit 3 to this motion. TSU's attorney, Mr. Lyles, is he **ORDERED** to accept service of Petitioner's Instanter subpoena via e-service in this case.~~

related to the investigation made the basis of this lawsuit

_____X_____ GRANTED as modified    → Wednesday, December 7, 2022 _____ DENIED

**REQUEST #2:** Deposition of Ms. Darlene Brown to be conducted in-person and examined and questioned about her audit and work relating to Petitioner and the complaint(s) she investigated. Ms. Darlene Brown is to be presented for deposition to commence not later than Friday, December 9, 2022 at 9:00 a.m. in the law offices of The Hall Law Group, PLLC, located at 530 Lovett Blvd, Houston, Tx. 77006 or a mutually agreeable location.

_____X_____ GRANTED as modified    _____ DENIED

**REQUEST #3:** Deposition of TSU President Lesia L. Crumpton-Young to be commenced in-person not later ~~than Thursday, December 8, 2022~~ at 9:00 a.m. on the matters asserted in this case, including but not limited to her personal conversations with Petitioner[3] and Ms. Darlene Brown regarding the latter's work product and conclusions. This deposition is to be conducted in Houston, Tx at a mutually agreeable location before the deadline.

than monday, december 12, 2022

_____X_____ GRANTED as modified    _____ DENIED

### III.
### ARGUMENT AND AUTHORITIES

**A.    The Court May Grant Expedited Discovery**

Page 1

---

[3] President Crumpton is the executive officer who told Petitioner that the Board of Regents had voted to terminate her (Petitioner). This was later discovered not to be true. Why she made these statements is directly probative on the issue that an adverse employment decision had been made without complying with the requirements of Section 614.022 and 614.023, Texas Government Code which mandates how complaints against a licensed Texas peace officer are to be handled.

It is further ordered that documents produced will be considered "attorney eyes only" and not disclosed beyond that without further

## CONCLUSION

For the reasons set forth herein, Petitioner respectfully requests that the Court, as soon as is practicable, take up and rule on the above emergency and expedited discovery requests.

Dated: December 1, 2022

Respectfully submitted,

/s/ Benjamin L. Hall, III
**Benjamin L. Hall, III**
TBN: 08713745
Ryan Finnegan
TBN: 24119322
The Hall Law Group, PLLC
530 Lovett Blvd.
Houston, Tx 77006
713.942.9600 (o)
713.942.9566 (f)
Bhall@thlf.us

*Attorneys for Petitioner*

Page 2

### ORDER

The Court grants the request for expedited discovery and to shorten the time for this motion to be considered. The court's rulings on Petitioner's expedited discovery requests are denoted by check marks (X) above indicating whether the request has been **GRANTED** or **DENIED**.

**IT IS SO ORDERED** this date:_____.

_____
Presiding Judge ~~Ravi Sandill~~

mike Engelhart

12/2/2022

5

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Nicole Myette on behalf of Daniel Coolidge
Bar No. 24113693
nicole.myette@oag.texas.gov
Envelope ID: 71001345
Status as of 12/14/2022 11:24 AM CST

Associated Case Party: Mary Young

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Benjamin L. Hall, III | | bhall@thlf.us | 12/14/2022 11:03:44 AM | SENT |
| William L.Van Fleet, II | | bvfleet@comcast.net | 12/14/2022 11:03:44 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ryan Finnegan | | rfinnegan@thlf.us | 12/14/2022 11:03:44 AM | SENT |
| Kimberly Bobb | | kbobb@thlf.us | 12/14/2022 11:03:44 AM | SENT |
| Nicole Myette | | nicole.myette@oag.texas.gov | 12/14/2022 11:03:44 AM | SENT |

Associated Case Party: Texas Southern University

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nicole A.Myette | | nicole.myette@oag.texas.gov | 12/14/2022 11:03:44 AM | SENT |
| Daniel Coolidge | | daniel.coolidge@oag.texas.gov | 12/14/2022 11:03:44 AM | SENT |
| Benjamin S.Lyles | | benjamin.lyles@oag.texas.gov | 12/14/2022 11:03:44 AM | SENT |

CAUSE NO. 2022-77744

| | | |
|---|---|---|
| MARY YOUNG, | § | IN THE DISTRICT COURT |
| | § | |
| *Petitioner* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEXAS SOUTHERN UNIVERSITY AND | § | |
| RESPONSIBLE TSU AGENTS, | § | |
| | § | |
| *Respondents* | § | 127TH JUDICIAL DISTRICT |

---

**NOTICE OF TSU'S JUDICIAL ADMISSIONS ON APPEAL REGARDING
PETITIONER'S TEMPORARY RESTRAINING ORDER**

---

To The Honorable District Judge Ravi Sandill:

On appeal, Respondent TSU made a binding judicial admission in response to Petitioner Mary Young's request for the court of appeals to enter an order continuing the district court temporary restraining order in place during the pendency of Respondents' interlocutory appeal. Specifically, in their opposition to Petitioner's request for an appellate order to continue the temporary restraining order, Respondents represented to the appeals court that the stay provisions of Tex. Civ. Prac. & Rem Code § 51.014(b) "operates to keep [the TRO] in force pending resolution of this appeal." Additionally, Respondents stated that only the court of appeals had jurisdiction to dissolve the TRO—not the trial court. Respondents then concluded their position that stating Petitioner Young's request for emergency temporary relief was "irrelevant." *See* Exhibit 1 (p. 7, sect. II). Thereafter the appeals court denied Petitioner's request for alternative relief. Thus, having prevailed on these arguments, Respondents are now judicially estopped from taking a contrary position in this court.

EXHIBIT
7

Petitioner provides this court with notice of Respondents' judicial admissions which have been made in the court of appeals regarding the status of the temporary restraining order.

**THE HALL LAW GROUP, PLLC**

*/s/ Benjamin L. Hall, III*
**Benjamin L. Hall, III**
State Bar No. 08743745
**Ryan Finnegan**
State Bar No. 24119322
530 Lovett Boulevard
Houston, Texas 77006
Telephone: (713) 942-9600
Facsimile:  (713) 942-9566
Email: bhall@thlf.us
Email: rfinnegan@thlf.us

**ATTORNEYS FOR PETITIONER**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the above and foregoing Motion for Continuance has been served upon all parties and counsel of record via eService on December 21, 2022.

*/s/ Benjamin L. Hall, III*
Benjamin L. Hall, III

FILE COPY

SHERRY RADACK
CHIEF JUSTICE

PETER KELLY
GORDON GOODMAN
SARAH BETH LANDAU
RICHARD HIGHTOWER
JULIE COUNTISS
VERONICA RIVAS-MOLLOY
AMPARO GUERRA
APRIL L. FARRIS
JUSTICES



**Court of Appeals**
**First District**
301 Fannin Street
Houston, Texas 77002-2066

CHRISTOPHER A. PRINE
CLERK OF THE COURT

JANET WILLIAMS
CHIEF STAFF ATTORNEY

PHONE: 713-274-2700

www.txcourts.gov/1stcoa.aspx

Friday, December 16, 2022

Benjamin Hall III
The Hall Law Firm
530 Lovett Blvd
Houston, TX 77006-4021
* DELIVERED VIA E-MAIL *

John Coolidge
Office of the Attorney General
315 W. 15th Street
Austin, TX 78711
* DELIVERED VIA E-MAIL *

William L. Van Fleet II
The Hall Law Firm
530 Lovett Blvd
Houston, TX 77006
* DELIVERED VIA E-MAIL *

Benjamin Lyles
PO Box 12548
Austin, TX 78711-2548
* DELIVERED VIA E-MAIL *

**RE:**   **Court of Appeals Number:** 01-22-00913-CV
          **Trial Court Case Number:** 2022-77744

**Style:**  Texas Southern University, Texas Southern University President Leisa Crumpton-Young
           and General Counsel Hao Le v. Mary Young

Please be advised the Court today DENIED Appellee's emergency motion to dismiss or,
alternatively, for temporary relief in the above referenced cause.

Chief Justice Radack acting individually.

Sincerely,

Christopher A. Prine, Clerk

**EXHIBIT 8**



Texas Southern University
Division of Business & Finance
3100 Cleburne Street, Hannah Hall #116
Houston, Texas 77004
Phone: (713) 313-1382
Devi.Bala@tsu.edu | www.tsu.edu

December 1, 2022

**Via E-mail: bhall@thlf.us, myteam@thlf.us**

Ms. Mary Young
c/o Mr. Ben Hall, Esq.
The Hall Law Group, PLLC
530 Lovett Blvd.
Houston, Texas 77006

      **Subject**:      Notice of Temporary Relief of Duties

Dear Chief Young:

On August 25, 2022, our Acting Chief Audit Executive, Ms. Darlene Brown, presented you with a signed written complaint. The complaint relates to your actions as the University's Chief of Police. Resulting from the investigation, there is evidence to prove the allegations of your misconduct, which violates the following policies:

- 02.05.06 – Fraud Policy,
- 02.05.05 – Ethics & Conflict of Interest,
- 02.02.01 – Pay Guidelines for Staff Employees, and
- 02.02.03 – Overtime/Compensatory Time.

Effective immediately, you are temporarily relieved of your duties as Chief of Police with pay until further notice. The University will make an ultimate decision on your employment status. Throughout the duration of this paid administrative leave, we request that you refrain from being on campus grounds, attending University-sanctioned events, and utilizing any University-owned items (*e.g.*, vehicle, uniform, keys, computer, mobile telephone, etc.) until such a time as you are otherwise notified.

You are directed not to attempt to contact anyone concerning the above-identified investigation, anyone who has made allegations, anyone who is a witness to the allegations, or anyone providing information to the investigation and/or complaint. You are further directed not to retaliate in any shape, form, or fashion, against anyone who has made allegations, anyone who is a witness to the allegations, and/or anyone providing information to the investigation and/or complaint.

Retaliation is defined under University policies as any act, including an adverse personnel action, that has the effect of punishing a person for making a complaint or otherwise participating in an investigation of a complaint, including any act of intimidation, harassment, threats, coercion or discrimination. Any contact with or retaliation against persons involved in the matters identified above, in violation of the directives issued in this letter and University policies, will result in immediate disciplinary action.

**EXHIBIT**
**9**

1

If you have any questions or concerns about this matter, please call Yolanda Edmond, Sr. Assoc. Vice President of Human Resources & Payroll Services. The Office of Human Resources is located in Hannah Hall, Suite 126, or (713) 313-7521. We appreciate your co-operation in this matter.

Sincerely,

Devi Bala
Vice President of Business & Finance/CFO

Enclosures:      Original Complaint and Signed Complaint

Cc:      Ms. Mary Young – CMRRR & Regular Mail

2

The following matter was received via the EthicsPoint Hotline on 3/24/2022.

**Assigned to**
None entered

**Synopsis Notes**
None entered

**Case Details**
Since January 2022, while at a weekly supervisor meeting, Mary gave all the officers (names withheld) in the police department a directive that she would raise the pay for special officers (names withheld). Mary categorized the special officers as the lead officers (names unknown) and (first name unknown) McCefee, telecommunications officer, for security and telecommunications. Those officers were (first name unknown) Ward, security officer, McCefee, (first name unknown) Sawyer, police officer, (first name unknown) Holiday, security officer, (first name unknown) Jones, police officer, Tyrone Jones, police officer, and (first name unknown) Cantu, police officer.

Mary approved field training pay for the lead officers and McCefee so that the lead officers and McCefee would have higher pay that included the sum equivalent of two overtime hours per day, up to five days a week. The persons who were authorized by Mary to sign-off on the timesheets were (first name unknown) Bridges, lieutenant, (first name unknown) Jones, sergeant, (first name unknown) Barnett, sergeant, (first name unknown) Stark, lieutenant, (first name unknown) McCray, sergeant, (first name unknown) Brown, sergeant, and (first name unknown) John-Miller, police officer. Bridges, Jones, Barnett, Stark, McCray, Brown, and John-Miller signed the time sheets because they were told by Mary that Ward, McCefee, Sawyer, Holiday, Jones, Tyrone, and Cantu were entitled to those funds for the work that they did.

The president (name unknown) and the board of regents did not authorize these pay increases. This act appears to be illegal and unethical. The supervisors (names unknown) were operating according to Mary's directive, believing that Mary had the authority to do this. The supervisors that were present at the weekly supervisors' meeting were witnesses to this directive. There were no cameras that captured this incident. This matter may have been reported to management.

**Case Summary**
None entered

The following matter was received via the EthicsPoint Hotline on 3/24/2022.

**Assigned to**
None entered

**Synopsis Notes**
None entered

**Case Details**
Since January 2022, while at a weekly supervisor meeting, Mary gave all the officers (names withheld) in the police department a directive that she would raise the pay for special officers (names withheld). Mary categorized the special officers as the lead officers (names unknown) and (first name unknown) McCefee, telecommunications officer, for security and telecommunications. Those officers were (first name unknown) Ward, security officer, McCefee, (first name unknown) Sawyer, police officer, (first name unknown) Holiday, security officer, (first name unknown) Jones, police officer, Tyrone Jones, police officer, and (first name unknown) Cantu, police officer.

Mary approved field training pay for the lead officers and McCefee so that the lead officers and McCefee would have higher pay that included the sum equivalent of two overtime hours per day, up to five days a week. The persons who were authorized by Mary to sign-off on the timesheets were (first name unknown) Bridges, lieutenant, (first name unknown) Jones, sergeant, (first name unknown) Barnett, sergeant, (first name unknown) Stark, lieutenant, (first name unknown) McCray, sergeant, (first name unknown) Brown, sergeant, and (first name unknown) John-Miller, police officer. Bridges, Jones, Barnett, Stark, McCray, Brown, and John-Miller signed the time sheets because they were told by Mary that Ward, McCefee, Sawyer, Holiday, Jones, Tyrone, and Cantu were entitled to those funds for the work that they did.

The president (name unknown) and the board of regents did not authorize these pay increases. This act appears to be illegal and unethical. The supervisors (names unknown) were operating according to Mary's directive, believing that Mary had the authority to do this. The supervisors that were present at the weekly supervisors' meeting were witnesses to this directive. There were no cameras that captured this incident. This matter may have been reported to management.

**Case Summary**
None entered

Received:  May 25, 2028 via email

Darlene Brown

Darlene Brown
*Acting Chief Audit Executive*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rosalinda Luna on behalf of Eric Grogan
Bar No. 24116461
rosalinda.luna@oag.texas.gov
Envelope ID: 83555827
Filing Code Description: No Fee Documents
Filing Description: Defendant TSU's Amended Response to Plaintiff's Motion to Compel
Status as of 1/19/2024 8:28 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Yvonne Bennett | | Yvonne.bennett@oag.texas.gov | 1/18/2024 4:20:13 PM | SENT |
| Jennifer Holt | | jennifer.holt@oag.texas.gov | 1/18/2024 4:20:13 PM | SENT |
| Drew Harris | | drew.harris@oag.texas.gov | 1/18/2024 4:20:13 PM | SENT |
| Thomas Ray | | thomas.ray@oag.texas.gov | 1/18/2024 4:20:13 PM | SENT |
| Rosalinda Luna | | rosalinda.luna@oag.texas.gov | 1/18/2024 4:20:13 PM | SENT |
| Ryan Finnegan | | rfinnegan@thlf.us | 1/18/2024 4:20:13 PM | SENT |
| Hall Law | | myteam@thlf.us | 1/18/2024 4:20:13 PM | SENT |
| Benjamin Hall | | bhall@thlf.us | 1/18/2024 4:20:13 PM | SENT |
| Eric Grogan | | eric.grogan@oag.texas.gov | 1/18/2024 4:20:13 PM | SENT |