FILED
Marilyn Burgess
District Clerk

DEC 7 2022

Time:_____
Harris County, Texas
By_____ Deputy

# EXHIBIT J

*P-3*

*TRO RX STBNX CASO*

CAUSE NO. 2022-77744

| | | |
|---|---|---|
| MARY YOUNG | § | IN THE DISTRICT COURT OF |
| | § | |
| *Petitioner,* | § | |
| | § | |
| | § | |
| v | § | HARRIS COUNTY, TEXAS |
| TEXAS SOUTHERN UNIVERSITY, | § | |
| RESPONSIBLE TSU AGENTS, | § | |
| PRESIDENT LESIA CRUMPTON- | § | |
| YOUNG, GENERAL COUNSEL HAO | § | |
| LE, AND/OR THEIR DESIGNEES | § | |
| | | |
| *Respondent.* | § | 127th JUDICIAL DISTRICT |

## TEMPORARY RESTRAINING ORDER

On this day, the Court considered Petitioner's Mary Young's Verified First Amended Petition, Request for Mandamus Relief, Declaratory Judgment Relief, Application for Temporary Restraining Order and For Temporary/Permanent Injunctions.

Based upon facts set forth in the application the Court enters the following orders:

The Court **GRANTS** Petitioner's Application for TRO.*

The court finds that in order to maintain and preserve the status quo, and to prevent further immediate and irreparable harm to Petitioner, Petitioner is entitled to a temporary restraining order because they have suffered and continue to suffer injury.

a. **This injury is imminent**. Despite repeated requests by Petitioner to have Respondents TSU President Crumpton-Young and General Counsel Hao Le to comply with Texas law, Respondents are threatening to terminate or discipline or engage in an unlawful employment action against Petitioner in clear violation of Texas law. Petitioner has been told that she is subject to immediate disciplinary action based on the invalid complaint and such action would violate all of

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of Imaging.

the legal requirements mandated by Texas law. Thus, the immediate loss or taking of Petitioner's property rights and denial of her procedural due process rights mandated by Texas law are not only imminent but a very present danger. An immediate temporary restraining order/mandamus is required to maintain the *status quo ante* until Petitioner can put on evidence at a temporary injunction hearing to enjoin Respondent's unlawful conduct.

b. **The injury is irreparable.** A denial of Petitioner's guaranteed statutory rights under Texas law is irreparable. This court cannot restore them after they are lost and damages will not replace those rights. Abridgement of Petitioner's statutory rights is an irreparable injury that money damages cannot redress. When a Texas statute delineates the actions a governmental body or official must perform nothing is left to the exercise of discretion.

The purpose of an injunction is to maintain and preserve the status quo. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)(emphasis added); *see also GL Logistics Co. v. Flores*, No. 04-21-00125-CV, 9 (Tex. App. Aug. 31, 2021). Given the Respondents' previous failure to ameliorate this situation, there is no doubt that this Court must intervene and order and enjoin the Respondents, and any other individuals, from further conduct in violation of Petitioner's statutory rights. Petitioner is entitled to a temporary restraining order and probable injunctive relief.

It is therefor **ORDERED, ADJUDGED, AND DECREED** that **TEXAS SOUTHERN UNIVERSITY, RESPONSIBLE TSU AGENT, PRESIDENT LESIA CRUMPTON-YOUNG, GENERAL COUNSEL HAO LE, AND THEIR DESIGNEES** ("Respondents") as well as all any TSU officers, agents, servants, employees, attorneys, and any other persons acting in concert or participation with them, are enjoined and restrained from:

2

a. threatening to, attempting to, purporting to, or taking any adverse employment or disciplinary action against Petitioner until the court can conduct a hearing on Petitioner's request for a temporary injunction and/or permanent injunction in this case;

b. utilizing the unsigned, untimely, and anonymous complaint against Petitioner for any adverse employment or disciplinary action; and

c. taking any further actions, or failing to take necessary actions, that would damage, impair, frustrate, put at risk, jeopardize, and/or delay in any way the completion of the items addressed in sections (a) and (b) above.

It is further **ORDERED, ADJUDGED AND DECREED** that the Petitioner execute and file with the Clerk a bond in the amount of $ 100.00 . Any amount previously posted shall suffice to satisfy the same.

The Clerk of the above and entitled court shall forthwith, on the filing by Petitioner of the bond hereinafter required, and on approving same according to law, issue a writ of injunction in conformity with the law and the terms of this order.

This order shall expire on December 21 , 2022.

This matter is set for a temporary injunction hearing in the 127th Judicial District Court of Harris County, Texas at 10:00 a.m./~~p.m.~~ on the 20th day of December , 2022.

**SO ORDERED.**

SIGNED on this the 14th day of December 2022, at 4:05 o'clock P .M.

_____
Ancillary Judge Presiding

---

* The Temporary Restraining Order, dated December 1, 2022, was determined to be void and of no effect.

3