# EXHIBIT L

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 460-2023-04689 |

Texas Workforce Commission _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mary Young | 281-773-5966 | 03-12-1969 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2818 Sedona Creek Dr | Missouri City TX 77459 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Texas Southern University | 500+ | (713) 313-7011 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3100 Cleburne St, Houston, TX 77004 | |

RECEIVED 21 APR 2023 Houston District Office US EEOC

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest ___  Latest ___
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See Exhibit A.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

4/20/2023
*Date* — *Charging Party Signature*

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

## EXHIBIT A

After 27 years of exemplary police service, including over 20 years with the Houston Police Department and nearly 6 years as the first female Chief of Police at Texas Southern University, Chief Mary Young was asked by several TSU regents to address a "too personal relationship" between female TSU President Lesia L Crumpton-Young and a male TSU police sergeant. Chief Young instructed the male officer to cease his too personal appearance with the TSU president. Shortly after taking this corrective action, an anonymous complaint against Chief Young surfaced online—the first ever such complaint against Chief Young—claiming she had signed off on overtime requests for officers who had not worked the overtime. Chief Young was not provided with a copy of the anonymous complaint as required by law.

Texas law, specifically Section 614.023, Tex. Gov't Code, requires complaints of wrongdoing against a licensed police officer to be in writing, signed by the complainant, and provided to the police officer. TSU did not comply with these legal requirements. Instead, officials at TSU had a person investigate the anonymous complaint who clearly had no knowledge of approved TSU police department payroll practices that Chief Young was required to follow. That investigator erroneously ignored approved overtime practices in the police department and created an erroneous audit report that is provably false, and which provided the TSU President with a false reason to get rid of Chief Young so she could remain close to her preferred male police officer.

Once she learned of the anonymous complaint, Chief Young hired counsel and filed a comprehensive response with the TSU Regents debunking the fraud allegations in the audit. Chief Young also filed a lawsuit against TSU seeking injunctive relief to enjoin TSU, its President, and General Counsel from relying on the anonymous complaint and for violating Texas law. In December of 2022, three (3) Harris County District Court judges agreed with Chief Young's allegations and issued three (3) separate orders in support of her case against TSU and its officials—two orders were temporary restraining orders against the university, and one order required TSU and its officials to provide expedited discovery relating to Young's complaints against the TSU President, General Counsel, and the auditor's work. TSU filed a frivolous appeal to stay the court-ordered discovery. The court of appeals has now entered two orders dismissing TSU's frivolous appeal.

The restraining orders enjoined TSU and its officials from taking any disciplinary actions against Chief Young based on the audit and anonymous complaint. TSU and its officials disregarded the court orders and refused to allow Chief Young to return to her job in direct violation of the court orders. Chief Young complied with the court orders and continued to do her job as police chief.

In December of 2022, TSU and its agents disconnected Chief Young's access to her TSU computer and business emails; purported to place an interim officer by the name of Bobby A. Brown in control of the police department, advised TSU police officers not to honor any commands given by Petitioner, blocked Petitioner's pass card to enter buildings, and blocked her from reporting or approving time for officers.

In January of 2019, TSU then purported to fire her and has now attempted to harm her reputation further by refusing to provide her with an honorable discharge. To this date, TSU officials have engaged in multiple efforts to shut her out of the law enforcement market, including giving her a general discharge. Indeed, to try to prejudice Chief Young's chances of timely appealing TSU's wrong general discharge, a TSU official asked for her separation date to be backdated and did not timely provide Chief Young with the F5.

In the process of responding to the false claims made against her, Chief Young has now learned that the "too personal relationship" between the President and the officer has some additional support—i.e., evidence of the TSU President traveling out of town with the male officer at a time when her husband was identified as the person accompanying her and the two buying expensive gifts for one another. Not surprisingly, the male officer's friend who had also become too acquainted with TSU's President, has now been assigned the interim TSU police chief position, which allows the President's preferred officer to continue to be close to the President.

Chief Young has done nothing wrong. She did her job to stop a personal relationship between a subordinate officer and the TSU President, which was felt to be unbecoming, and TSU and the President are retaliating against her. Mary Young is being discriminated against and retaliated against on the basis of sex discrimination, she being a female and not a male suitor of the President and the President favoring the male officer over her approval of a substitute who circulates a document showing his penis; retaliation against Young because of the President's wish to have the male officer's personal attention; and retaliation as the discrimination is continuing to this date and includes TSU breaking Texas law and disobeying court orders to negatively impact Mary Young's job, falsifying records against Mary Young, falsely giving her a general discharge rather than an honorable discharge, and communicating false and defamatory information about her to prevent her from obtaining other employment.

Additional information and supporting documentation is available and can be provided upon request.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Houston District Office
1919 Smith Street, 6th Floor
Houston, TX 77002
(346) 327-7700
Website: www.eeoc.gov

# NOTICE OF CHARGE OF DISCRIMINATION

(This Notice replaces EEOC FORM 131)

05/01/2023

**To:** Deborah Curry
OFFC ADMIN II
TEXAS SOUTHERN UNIVERSITY - OGC / LEGAL
3100 CLEBURNE STREET # 340
HOUSTON, TX 77004

This is notice that a charge of employment discrimination has been filed with the EEOC against your organization by Mary Young under: Title VII of the Civil Rights Act of 1964 (Title VII). The circumstances of the alleged discrimination are based on Retaliation, Sex, and involve issues of Suspension that are alleged to have occurred on or about 12/01/2022.

The Digital Charge System makes investigations and communications with charging parties and respondents more efficient by digitizing charge documents. The charge is available for you to download from the EEOC Respondent Portal, the EEOC's secure online system.

Please follow these instructions to view the charge within ten (10) days of receiving this Notice:

1. Access the EEOC's secured online system at https://arc.eeoc.gov/rsp/login.jsf
2. Enter this EEOC Charge No.: 460-2023-04689
3. Enter this password: 1Vs5OlfAZ

Once you log into the system, you can view and download the charge, and electronically submit documents to EEOC. The system will also advise you of possible actions or responses and identify your EEOC point of contact for this charge.

If you are unable to log into the EEOC Respondent Portal or have any questions regarding it, you may send an email to HoustonIntake@EEOC.GOV.

### Preservation of Records Requirement When a Charge has Been Filed

The EEOC regulations require respondents to preserve all payroll and personnel records relevant to the charge until final disposition of the charge or litigation. 29 CFR §1602.14. For more information on your obligation to preserve records, see http://eeoc.gov/employers/recordkeeping.cfm.

### Non-Retaliation Requirements

The laws enforced by the EEOC prohibit retaliation against any individual because s/he has filed a charge, testified, assisted or participated in an investigation, proceeding or hearing under these laws. Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify the EEOC if any attempt at retaliation is made. For more information, see http://www.eeoc.gov/laws/types/facts-retal.cfm.

### Legal Representation

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please provide the attorney's contact information when you log in to the online system.

Please retain this notice for your records.



# U.S. Equal Employment Opportunity Commission

## FEDERAL INVESTIGATION:
## REQUEST FOR POSITION STATEMENT
## AND SUPPORTING DOCUMENTARY EVIDENCE

The EEOC hereby requests that your organization submit within 30 days a Position Statement setting forth all facts which pertain to the allegations in the charge of discrimination under investigation, as well as any other facts which you deem relevant for the EEOC's consideration.

We recommend you review the EEOC's resource guide on "Effective Position Statements" as you prepare your response to this request.

### Fact-Based Position Statement

This is your opportunity to raise any and all defenses, legal or factual, in response to each of the allegations of the charge. The position statement should set forth all of the facts relevant to respond to the allegations in the charge, as well as any other facts the Respondent deems pertinent to the EEOC's consideration. The position statement should only refer to, but not identify, information that the Respondent asserts is sensitive medical information, or confidential commercial or financial information.

The EEOC also requests that you submit all documentary evidence you believe is responsive to the allegations of the charge. If you submit only an advocacy statement, unsupported by documentary evidence, the EEOC may conclude that Respondent has no evidence to support its defense to the allegations of the charge.

The EEOC may release your position statement and non-confidential attachments to the Charging Party and their representative and allow them to respond to enable the EEOC to assess the credibility of the information provided by both parties. It is in the Respondent's interest to provide an effective position statement that focuses on the facts. The EEOC will not release the Charging Party's response, if any, to the Respondent.

If no response is received to this request, the EEOC may proceed directly to a determination on the merits of the charge based on the information at its disposal.

### Signed by an Authorized Representative

The Position Statement should be signed by an officer, agent, or representative of Respondent authorized to speak officially on its behalf in this federal investigation.

### Segregate Confidential Information into Separately Designated Attachments

If you rely on confidential medical or commercial information in the position statement, you should provide such information in separate attachments to the position statement labeled "Sensitive Medical Information," "Confidential Commercial or Financial Information," or "Trade Secret Information" as applicable. Provide an explanation justifying the confidential nature of the information contained in the attachments. Medical information about the Charging Party is not sensitive or confidential medical information in relation to the EEOC's investigation.

Segregate the following information into separate attachments and designate them as follows:

a. Sensitive medical information, except the Charging Party's medical information
b. Social Security Numbers
c. Confidential commercial or financial information
d. Trade secrets information
e. Non-relevant personally identifiable information of witnesses, comparators or third parties, for example, social security numbers, dates of birth in non-age cases, home addresses, personal phone numbers and email addresses, etc.
f. Any reference to charges filed against the Respondent by other charging parties

## Requests for an Extension

If Respondent believes it requires additional time to respond, it must, at the *earliest possible time* in advance of the due date, make a written request for extension, explain why an extension is necessary, and specify the amount of additional time needed to reply. Submitting a written request for extension of time does not automatically extend the deadline for providing the position statement.

## Upload the Position Statement and Attachments into the Respondent Portal

You can upload your position statement and attachments into the Respondent Portal using the **+ Upload Documents** button. Select the "Position Statement" Document Type and click the **Save Upload** button to send the Position Statement and attachments to EEOC. Once the Position Statement has been submitted, you will not be able to retract it via the Portal.