UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MARY YOUNG** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 4:23-cv-03888 |
| § | |
| **TEXAS SOUTHERN UNIVERSITY** § | JURY DEMANDED |
| *Defendant.* § | |
| § | |

**PLAINTIFF'S NOTICE OF SUBPOENA DUCES TECUM TO GOOGLE FOR ACCOUNT RECORDS**

TO:   Darren Barnett, by and through his attorney of record, Sherlyn Harper of Office of Attorney General, 808 Travis Street, Houston, TX 77002.

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff will serve the attached subpoena duces tecum on Google LLC, seeking production of mobile account records related to the Google account associated with email dwbarnetts@gmail.com, which is believed to be registered to or used by Sergeant Darren Barnett.

This subpoena requests records relevant to communications between the above-referenced number and drcrumptonyoung@gmail.com, Darlene.brown@tsu.edu or PresidentYoung@tsu.edu, including text, emails, multimedia messages, call logs, location data, application metadata, cloud backups, and other related materials, as more fully detailed in the attached **Exhibit A.** This subpoena does not require appearance for testimony and is solely for the production of documents and electronically stored information.

Pursuant to Rule 45(a)(4), a copy of this subpoena is being served on all parties before service on the third party.

Dated: June 5, 2025                                     Respectfully submitted,

                                                        **THE HALL LAW GROUP, PLLC**

THE HALL LAW GROUP, PLLC

*/s/ Taren Marsaw*
**Taren Marsaw**
Benjamin L. Hall, III
State Bar No. 08743745
S.D. Tex. No. 8787
Taren Marsaw
State Bar No. 24109506
S. D. Tex. No. 3919232
bhall@thlf.us
530 Lovett Blvd.
Houston, Texas 77006
Telephone:  (713) 942-9600
Facsimile:  (713) 942-9566
e-service: myteam@thlf.us

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record were served with the notice of deposition in accordance with the Federal Rules of Civil Procedure on June 5, 2025.

*/s/ Taren Marsaw*
**Taren Marsaw**

# EXHIBIT A

## SUBPOENA DUCES TECUM

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are hereby commanded to produce the following documents, records, and electronically stored information within your custody, control, or possession related to the Gmail or Google Voice account DWBarnetts@gmail.com, for the period of January 1, 2021 to December 31, 2023:

### DEFINITIONS

1. "You" or "Google" means Google LLC and any affiliated entities or data systems associated with Gmail, Google Drive, Google Calendar, or Google Keep.

2. "Darren Barnett Account" refers to the Gmail account associated with **DWBarnetts@gmail.com** and any Google Voice number associated with this email address.

3. "Darlene Brown" refers to the email address Darlene.brown@tsu.edu

4. "Crumpton-Young" means Lesia Crumpton-Young, including communications to/from **drcrumptonyoung@gmail.com**

5. "Lesia Crumpton-Young" means the sender or recipient of communications involving the email addresses drcrumptonyoung@gmail.com or PresidentYoung@tsu.edu and any Google Voice number associated with these email addresses

6. "Anonymous Gmail Account" refers to **tsun91090@gmail.com** and any Google Voice number associated with this email address.

7. "Relevant Period" refers to the time period in which communications responsive to these requests would have happened. If no date is specified in the individual request, then the relevant period is January 1, 2021 through December 31, 2023.

### REQUESTS

1. **All Email Content:**
   (a) The full content of all emails sent to or received from **drcrumptonyoung@gmail.com** and **tsun91090@gmail.com** by the Darren Barnett Account.
   (b) All emails referencing or involving Lesia Crumpton-Young.
   (c) Include metadata (to/from, cc/bcc, IP login headers, subject lines, timestamp), attachments, inline images, and any deleted or archived messages if retained.

2. **All Email Content:**
   (a) The full content of all emails sent to or received from **tsun91090@gmail.com**

       by the Darren Barnett Account.
   (b) All emails referencing or involving Lesia Crumpton-Young.
   (c) Include metadata (to/from, cc/bcc, IP login headers, subject lines, timestamp), attachments, inline images, and any deleted or archived messages if retained.

3. **All Email Content:**
   (a) The full content of all emails sent to or received from **PresidentYoung@tsu.edu** by the Darren Barnett Account.
   (b) All emails referencing or involving Lesia Crumpton-Young.
   (c) Include metadata (to/from, cc/bcc, IP login headers, subject lines, timestamp), attachments, inline images, and any deleted or archived messages if retained.

4. **All Email Content:**
   (a) The full content of all emails sent to or received from **Darlene.brown@tsu.edu** by the Darren Barnett Account.
   (b) All emails referencing or involving Lesia Crumpton-Young.
   (c) Include metadata (to/from, cc/bcc, IP login headers, subject lines, timestamp), attachments, inline images, and any deleted or archived messages if retained.

5. **Google Calendar Data:**
   (a) All calendar entries created, modified, or accepted by the Darren Barnett Account that involve Lesia Crumpton-Young
   (b) Include invitations to/from **drcrumptonyoung@gmail.com**, and PresidentYoung@tsu.edu any references to travel or meetings involving her, and metadata showing time, participants, and notes.

6. **Google Drive Records:**
   (a) All images, documents, or media stored or saved to Google Drive that depict, reference, or involve **Lesia Crumpton-Young**.
   (b) Include files shared with or received from **drcrumptonyoung@gmail.com** or PresidentYoung@tsu.edu

7. **Google Drive Records:**
   (a) All images, documents, or media stored or saved to Google Drive that depict, reference, or involve **Lesia Crumpton-Young**.Include files shared with or received from **drcrumptonyoung@gmail.com** or PresidentYoung@tsu.edu

8. **Google Voice Records:** Complete records of all incoming and outgoing calls between any Google voice number attached to dwbarnetts@gmail.com and (281) 740-0017. Include the following data fields for each call, to the extent available:
   (a) Date and time of call
   (b) Direction (incoming or outgoing_
   (c) Duration
   (d) Call Status (connected, missed, declined)
   (e) Tower routing or location data
   (f) Repeated or redial attempts

    (g) Voicemail activity logs
    (h) All available content, metadata, and attachments of text and multimedia messages (SMS/MMS) exchanged. This includes message timestamps, sender/recipient info, and any associated images or videos. If any deleted messages have been retained or backed up through AT&T Inc. systems, include those as well.

9. **Google Voice Records:** Complete records of all incoming and outgoing calls between any Google voice number attached to dwbarnetts@gmail.com and (321) 278-7485. Include the following data fields for each call, to the extent available:
    (i) Date and time of call
    (j) Direction (incoming or outgoing_
    (k) Duration
    (l) Call Status (connected, missed, declined)
    (m) Tower routing or location data
    (n) Repeated or redial attempts
    (o) Voicemail activity logs
    (p) All available content, metadata, and attachments of text and multimedia messages (SMS/MMS) exchanged. This includes message timestamps, sender/recipient info, and any associated images or videos. If any deleted messages have been retained or backed up through AT&T Inc. systems, include those as well.

10. All Google Keep notes created or stored by the Darren Barnett Account that reference or involve Lesia Crumpton-Young, including images, checklists, or saved content.

11. Identify whether tsun91090@gmail.com ever sent or received emails with Darren Barnett Account, and if so, produce the content of those emails, including metadata and attachments.

12. IP address logs, session activity, and access timestamps for the Darren Barnett Account, limited to login sessions involving email activity with the above addresses for Lesia Crumpton Young.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | ) |
|---|---|
| _Plaintiff_ | ) |
| v. | ) Civil Action No. |
| | ) |
| | ) |
| _Defendant_ | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:

_(Name of person to whom this subpoena is directed)_

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).